UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
MILTON CIPLET, Individually and on Behalf : Civil Action No. 08-CV-4580 (RMB)
of Itself and All Others Similarly Situated, :
 :
 : <u>CLASS ACTION</u>
          Plaintiff, :
 :
     vs. :
 :
JPMORGAN CHASE & CO. and J.P. :
MORGAN SECURITIES INC, :
 :
          Defendants. :
---------------------------------------- :
MARK SCHARFF, PINE SASH DOOR & :
LUMBER CO., INC., MARK SCHARFF & :
ASSOCIATES LLC, 2170 MILL AVENUE :
LLC, 6202-6217 REALTY LLC, MARK : Civil Action No. 08-CV-5026 (RMB)
SCHARFF ITF MICHAEL SCHARFF, :
MARK SCHARFF ITF DANIEL SCHARFF : <u>CLASS ACTION</u>
And MARK SCHARFF ITF ARIEL :
SCHARFF, Individually and On Behalf of All :
Others Similarly Situated, :
 :
          Plaintiffs, :
 :
     vs. :
 :
JPMORGAN CHASE BANK & CO., J.P. :
MORGAN SECURITIES, INC. and CHASE :
INVESTMENT SERVICES CORP., :
 :
          Defendants. :
---------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF MILTON CIPLET,
MARK SCHARFF, PINE SASH DOOR & LUMBER CO., INC., MARK SCHARFF &
ASSOCIATES LLC, 2170 MILL AVENUE LLC, 6202-6217 REALTY LLC, MARK
SCHARFF ITF MICHAEL SCHARFF, MARK SCHARFF ITF DANIEL SCHARFF AND
MARK SCHARFF ITF ARIEL SCHARFF FOR APPOINTMENT OF LEAD
<u>PLAINTIFF, APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. PROCEDURAL HISTORY ............................................................................................ 2

III. SUMMARY OF ALLEGATIONS ................................................................................. 3

IV. ARGUMENT .................................................................................................................. 5

    A.    Movants Should Be Appointed Lead Plaintiff Because They Are The "Most Adequate" Plaintiffs ................................................................................. 5

        1.    The Movants Satisfy the Procedural Requirements of the PSLRA ............. 5

        2.    The Movants Have the Largest Financial Interest in the Relief Sought by the Class ....................................................................................................... 6

        3.    The Movants Satisfy the Typicality and Adequacy Requirements of Rule 23 ................................................................................................................... 7

    B.    The Court Should Approve Movants' Choice of Counsel ..................................... 10

V. CONCLUSION ............................................................................................................. 12

# TABLE OF AUTHORITIES

**Page**

## CASES

*Brockton Ret. Sys. v. The Shaw Group, Inc.*,
No. 06 civ. 8245, 2007 WL 2845125 (S.D.N.Y. Sept. 25, 2007) ........................................ 9

*Fitzgerald v. Citigroup Inc.*,
No. 03 civ. 4305, 2004 WL 613107 (S.D.N.Y. Mar. 26, 2004) ........................................ 9

*In re Cendant Corp*.,
264 F.3d 201 (3d Cir. 2001) ........................................ 10

*In re Centerline Holding Co. Sec. Litig.*, 08 Civ. 505, 2008 WL 1959799 (S.D.N.Y. May 5, 2008) ........................................ 5

*In re Drexel Burnham Lambert Group*,
960 F.2d 285 (2d Cir. 1992) ........................................ 8

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ........................................ 8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co. Inc.*,
229 F.R.D. 395 (S.D.N.Y. 2004) ........................................ 6, 7

*Sczesny Trust v. KPMG LLP*,
223 F.R.D. 319 (S.D.N.Y. 2004) ........................................ 8

*Sofran v. Labranche & Co.*,
220 F.R.D. 398 (S.D.N.Y. 2004) ........................................ 8

*Vladimir v. Bioenvision*, 07 civ. 6416, 2007 WL 4526532, at *3 (S.D.N.Y. Dec. 21, 2007) ........................................ 10

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) ........................................ 7, 9, 10

*Xianglin Shi v. SINA Corp.*,
No. 05 Civ. 2154, 2005 WL 1561438 (S.D.N.Y. July 1, 2005) ........................................ 7

## STATUTES & ADMINISTRATIVE CODES

15 U.S.C. § 78j(b), 78t(a)) ........................................ 1

15 U.S.C. § 78u-(4)(a)93)(B)(iii)(I)(cc) ........................................ 7

**Page**

15 U.S.C. § 78u-4(a)(1) (a)(3)(B)(i) ................................................................................................5

15 U.S.C. § 78u-4(a)(3)(A)-(B) .......................................................................................................6

15 U.S.C. § 78u-4(a)(3)(A)(i) ..........................................................................................................6

15 U.S.C. § 78u-4(a)(3)(B) ..............................................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(i) ......................................................................................................1, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ....................................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) .............................................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ..................................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(v) .......................................................................................................10

17 C.F.R. § 240.10b-5 .....................................................................................................................1

28 U.S.C. § 1407 .............................................................................................................................3

**I.      INTRODUCTION**

The underlying actions before this Court are securities class actions (the "Actions") brought on behalf of all persons who purchased auction rate securities from Defendants JPMorgan Chase & Co. and J.P. Morgan Securities Inc. (collectively "Defendants"). The complaints on file allege that Defendants actively marketed auction rate securities as being the nature of cash equivalents and that they were highly liquid investment vehicles, while at the same time, Defendants manipulated the auction market for said securities to maintain the market's appearance of liquidity, and failed to inform the plaintiffs and other Class members of the true nature of auction rate securities and the market for them. In mid-February 2008, Defendants, having intervened in these auctions to prevent auction failures, withdrew their support for the auction rate securities market, which left auction rate securities holders unable to withdraw their deposits. The Actions allege violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Class members Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff (collectively, "Movants" or "ARS Investors Group") hereby move this Court for entry of an order: (a) appointing the ARS Investors Group as Lead Plaintiffs; (b) approving the ARS Investors Groups' selection of the Law Offices of Curtis V. Trinko, LLP and the Law Offices of Marc E. Scollar as the Co-Lead Counsel for the Class; and (c) granting such other and further relief as the Court may deem just and proper.

According to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine

which movant has the "largest financial interest" in the relief sought by the Class in this litigation and also make a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedures. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

As demonstrated herein, the Movants are the most adequate plaintiffs, as defined by the PSLRA, having collectively lost over $2.4 million in connection with their acquisition of auction rate securities from Defendants during the period from May 16, 2003 through February 13, 200 (the "Class Period"). *See* Trinko Decl., Ex. B and C. To the best of our knowledge, this is the greatest loss sustained by any moving class members, plaintiff or plaintiff group who has brought suit or filed an application to serve as lead plaintiff in these Actions.

In addition, Movants, for the purposes of this motion, satisfy the requirements of Fed. R. Civ. P. 23 because their claims are typical of the claims of the putative class and because they will fairly and adequately represent the interests of the class.

The Movants also demonstrate their intent to serve as Lead Plaintiff in this litigation, including their cognizance of the duties of serving in that role. The Movants fully understand their duties and responsibilities to the Class, and are willing and able to oversee the vigorous prosecution of this action. As provided in the Certifications, the Movants are aware of their responsibilities and have agreed to coordinate their efforts throughout the course of this litigation. *See* Trinko Decl., Ex. B and C. Accordingly, the Movants satisfy both the applicable requirements of the PSLRA and Fed. R. Civ. P. 23, and are presumptively the most adequate plaintiffs.

## II.  PROCEDURAL HISTORY

On May 16, 2008, the Ciplet Complaint was filed in the Southern District of New York. The Ciplet Complaint in the above-captioned case is attached herein as Exhibit A. On June 2, 2008, the Scharff Complaint was field in the Southern Distict of New York. The Scharff Complaint in the

above-captioned case is attached herein as Exhibit B. On July 30, this Court endorsed the July 29, 2008 letter from Plaintiffs' counsel Marc E. Schollar requesting that the two cases be consolidated.

In addition to the two above-captioned cases, there are currently at least twenty-six (26) auction rate securities actions pending in the United States District Court for the Southern District of New York. On June 12, 2008, plaintiffs in thirteen (13) of the aforementioned twenty-six actions, along with six actions pending in other District Courts, moved for all auction rate securities actions to be transferred for coordination or consolidation pursuant to 28 U.S.C. §1407 before the JPML.[1] *In re Auction Rate Securities Broker-Dealer litigation*, MDL No. 1979 (J.P.M.L. 2008). The ARS Litigation Group filed their opposition to motion for transfer on July 15, 2008. The decision of the JPML is pending.

### III.   SUMMARY OF ALLEGATIONS

JPMorgan Chase & Co. and J.P. Morgan Securities, Inc. are Delaware corporations that maintain their principal executive offices at 270 Park Avenue, New York, New York. JPMorgan Chase is one of the leading global financial services firms with assets of $1.6 trillion. J.P. Morgan

---

[1] Plaintiffs in the following thirteen auction rate securities cases filed a Motion to Transfer For Coordination on June 12, 2008: (1) *Chandler v. UBS AG, et al.*, Case No. 08-cv-02967 (S.D.N.Y.); (2) *Kraemer v. Deutsche Bank AG, et al.*, Case No. 08-cv-02788 (S.D.N.Y.); (3) *Burton v. Merrill Lynch Corp., et al.*, Case No. 08-cv-09037 (S.D.N.Y.); (4) *Waldman v. Wachovia Corp., et al.*, Case No. 08-cv-02913 (S.D.N.Y.); (5) *Humphrys v. TD Ameritrade Holding Corp., et al.*, Case No. 08-cv-02912 (S.D.N.Y.); (6) *Swanson v. Citigroup, Inc., et al.*, case No. 08-cv-03139 (S.D.N.Y.); (7) *Jamail v. Morgan Stanley, et al.*, Case No. 08-cv-03178 (S.D.N.Y.); (8) *Oughtred v. E*Trade Financial Corp.et al.*, Case No. 08-cv-03295 (S.D.N.Y.); (9) *Defer LP v. Raymond James Financial, Inc. et al.*, Case No. 08-cv-03449 (S.D.N.Y.); (10) *Van Dyke v. Wells Fargo & Co., et al.*, Case No. 08-cv-01962 (N.D. Cal.); (11) *Vining v. Oppenheimer Holdings, Inc., et al.*, Case No. 08-cv-04435 (S.D.N.Y.); (12) *Brigham v. Royal Bank of Canada, et al.*, Case No. 08-cv-04431 (S.D.N.Y.); and (13) *Bondar v. Bank of America Corp. et al.*, Case No. 08-cv-02599 (N.D. Cal.).

Securities, Inc. is the primary non-bank subsidiary of JPMorgan Chase, and engages in investment banking activities in the U.S. and elsewhere.

During the Class Period, Defendants deceptively offered for sale auction rate securities ("ARS"), and represented to investors that these securities were the equivalent of cash or money-market substitutes, and/or other short-term investments that were highly liquid and could be purchased with a minimum investment of $25,000.

For example, on JPMorgan's website, www.jpmorgan.com, under a section entitled "Short-term Fixed Income Investments" dated August 26, 2007, JPMorgan represented that "JPMorgan Chase Treasury Services offers a comprehensive and diverse range of Short-term Fixed Income Investments…" Under a section entitled "Liquidity & Investments," JP Morgan promoted its short-term fixed income investments. Also, during the Class Period, on monthly statements sent to investors of ARS, J.P. Morgan classified the "Account Type" of ARS as "CASH."

Defendants continuously failed to disclose and misrepresented to investors material facts concerning ARS, which substantially harmed the investors in said securities. In particular, Defendants failed to disclose that ARS are long-term financial instruments with maturities of 30 years to perpetuity. Defendants also failed to disclose that ARS were only liquid because Defendants created an artificial market for ARS by manipulating the auction process. Defendants failed to disclose that without their manipulation of the ARS market, many of the auctions would have failed with the underlying securities becoming illiquid.

On February 13, 2008, Defendants withdrew their support for the auctions of ARS. Defendants stopped committing additional capital to buy ARS. As a result, thousands of investors holding millions of dollars of ARS purchased from Defendants are now left with illiquid ARS. These holders have no ability to sell their securities by means of an auction market that has been

exposed as being artificial and manipulated by the Defendants and other broker-dealers running the ARS market.

IV.   **ARGUMENT**

    A.   **Movants Should Be Appointed Lead Plaintiff Because They Are The "Most Adequate" Plaintiffs**

The PSLRA requires courts to appoint as lead plaintiff the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). The statute further directs that courts "adopt a presumption" that the "most adequate plaintiff" is the "person or group of persons that":

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Such presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, only "[o]nce the presumptive lead plaintiff has been designated, the court conducts a second inquiry in which members of the class have the opportunity to rebut the chosen lead plaintiff's presumptive status." *In re Centerline Holding Co. Sec. Litig.*, 08 Civ. 505, 2008 WL 1959799 at *2 (S.D.N.Y. May 5, 2008).

        1.   **The Movants Satisfy the Procedural Requirements of the PSLRA**

The PSLRA has established a procedure for appointing a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co. Inc.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004). Here, the first filed *Ciplet* action published notice on June 5, 2008 [2], over the *BusinessWire*, in connection with the filing of the first-filed related action. *See* Trinko Decl., Ex. A.[3] Within 60 days of publishing the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)-(B).

The Movants have timely filed its motion for lead plaintiff, along with signed certification forms stating that the plaintiffs have: (1) reviewed the complaint; (2) authorized the filing of the complaint on their behalf; and (3) are willing to serve as the representative party on behalf of the Class. The certifications contain the requisite statements and satisfy subsection (aa) of Section 78u-4(a)(3)(B)(iii)(I) of the PSLRA. The certifications are attached as Exhibit B and C of the Trinko Decl.

### 2. The Movants Have the Largest Financial Interest in the Relief Sought by the Class

---

[2] Initial notice was published on June 5, 2008. On June 6, 2008 the Law Offices of Curtis V. Trinko, LLP published a corrected notice, correcting the date of the class period from February 1, 2008 to February 13, 2008. On June 25, 2008, a second corrected notice was published correcting the date in which the last day to file a motion for appointment of lead plaintiff from July 15, 2008 to the correct date of August 4, 2008.

[3] Publishing notice of the class action on *BusinessWire* meets the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *Vladimir v. Bioenvision*, 07 civ. 6416, 2007 WL 4526532, at *3 (S.D.N.Y. Dec. 21, 2007) (citation omitted).

Although the PSLRA creates a presumption that the plaintiff with the largest financial interest in the litigation will presumptively be appointed lead plaintiff, it does not state how to make such a determination. Section 78u-4(a)(3)(B)(iii)(I)(bb), *Xianglin Shi v. SINA Corp.*, 05 Civ. 2154, 2005 WL 1561438, at *2 (S.D.N.Y. July 1, 2005); *see also Pirelli Armstrong Tire,* 229 F.R.D. at 406-407 ("in the absence of statutory guidance or Second Circuit case law, the method used and the factors considered in determining each movant's financial interest remain fully within the discretion of the district court".

During the Class Period, as evidenced by the accompanying signed certifications, Movants collectively purchased or otherwise acquired over $2.4 million of ARS from Defendants. *See* Trinko Decl., Ex. B and C. Movants thus have a significant financial interest in this case.

To the best of Movants' knowledge, there are no other applicants or applicant groups who have sought, or are seeking, appointment as lead plaintiff who have a larger financial interest than Movants. Therefore, Movants satisfy all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B). *See Weltz v. Lee*, 199 F.R.D. 129, 132 (S.D.N.Y. 2001) (members of moving group with largest collective financial interest are presumptive lead plaintiff).

### 3. The Movants Satisfy the Typicality and Adequacy Requirements of Rule 23

The PSLRA further provides that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-(4)(a)93)(B)(iii)(I)(cc); *see also*, *Weinberg v. Atlas Air Worldwide Holdings, inc.*, 216 f.R.D. 248, 252 (S.D.N.Y. 2003). Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, at the lead plaintiff stage, a movant need only make a *prima facie* showing that the adequacy and typicality requirements of Rule

23 have been met. *See*, *e.g.*, *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004); *Weinberg*, 216 F.R.D. at 252. As set forth below, the Movants satisfy the typicality and adequacy requirements of Rule 23(a), thereby justifying their appointment as Co-Lead Plaintiffs.

"The typicality threshold is satisfied 'where the claims arise from the same conduct from which the other class members' claims and injuries arise.'" *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) (internal citation omitted); *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992). The Movants' interests are the same as those of other Class members. Defendants violated the Exchange Act by deceptively offering for sale ARS, representing to investors that these securities were highly liquid investments, and failing to disclose the true nature of the auction process and Defendants' role in manipulating the auction process. Accordingly, the Movants seek to hold Defendants liable for the consequences of their violations of the Act. In addition, there are no facts that indicate any conflicts of interest between the Movants and the other Class members. Indeed, the events and course of conduct that give rise to the Movants' claims are the same events and course of conduct that give rise to the claims of the Class. Since the Movants claims are based on the same legal theories and arise from the same events giving rise to the claims of other Class members, the typicality requirement of Rule 23 is satisfied. *See*, *e.g.*, *Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("the Sczesny Trusts' claims arise from the same alleged misrepresentations…as alleged in the eight other actions. Those claims are premised on violations of federal securities laws and share the same legal basis asserted by other class members. Therefore, Sczesny Trusts satisfy the typicality requirement of rule 23(a).").

The Movants satisfy the adequacy requirement of Rule 23 if, "(1) the class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests of the class members are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the

outcome to ensure vigorous advocacy." *Fitzgerald v. Citigroup Inc.*, 03 civ. 4305, 2004 WL 613107, at *4 (S.D.N.Y. Mar. 26, 2004) (citation omitted). As related above, the Movants' interests are the same as those of the other Class members. The qualifications, experience and ability of the Movants' counsel are explored in more detail below and clearly demonstrate the adequacy of counsel.

Further, the Movants have shown their interest in representing the Class by signing sworn Certifications detailing their transaction information during the Class Period, confirming their willingness to discharge the obligations of class representatives in the Action and agreeing to coordinate efforts throughout the course of this litigation. *See* Trinko Decl., Ex. B and C. Accordingly, the Movants and its counsel satisfy the adequacy requirement of Rule 23.

The express language of the PSLRA permits the appointment of a group of class members as the lead plaintiff as courts in this District have long recognized. *See, e.g., city of Brockton Ret. Sys. v. The Shaw Group, Inc.*, 06 civ. 8245, 2007 WL 2845125, at *3 (S.D.N.Y. Sept. 25, 2007)(From this language, it is evident that the court may appoint multiple persons – whether individuals or entities – as lead plaintiffs."); *Barnet v. Elan corp.*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) ("courts have adopted a 'rule of reason' test, pursuant to which the acceptability of the proposed 'group' is tested against its ability to represent the interests of the class"); *Weltz v. Lee*, 199 F.R.D. 129, 132 (S.D.N.Y. 2001).

The PSLRA directs this Court to limit its inquiry regarding the adequacy of Movants to represent the class to the existence of any conflicts between their interests and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (i) the absence of potential conflict between the named plaintiffs and the class members; (ii) the class representatives' choice of counsel who are qualified, experienced and able to vigorously conduct the proposed

litigation; and (iii) the class has a sufficient interest to ensure vigorous adequacy. *Weltz*, 199 F.R.D. at 133.

Here, Movants are adequate representatives of the class. Movants' interests are aligned with the interests of the class because Ciplet and the Scharff Plaintiffs suffered from the same mispresentations by Defendants as to the nature of ARS and the failure to disclose the true nature of the auction process for ARS and would benefit from the same relief. Furthermore, there is no evidence of antagonism between Movants and the class. Having suffered over $2.4 million in losses, undoubtedly Movants will vigorously prosecute this action. Thus, Movants *prima facie* satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B. The Court Should Approve Movants' Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to court approval. *See* Exchange Act of 1934 § 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). "the lead plaintiff is empowered under the PSLRA to select and retain counsel to represent the class members, subject to the approval of the court… '[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices.'" *Bioenvision*, 2007 WL 4526532, at *11 (*citing In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001).

In that regard, Movants have selected the law firm entitled the Law Offices of Curtis v. Trinko, LLP and the Law Office of Marc E. Scollar as the Co-Lead Counsel to pursue this litigation on their behalf, and have indicated their decision to retain these firms as co-lead counsel when they are appointed as Lead Plaintiffs.

The Law Offices of Curtis V. Trinko, LLP possesses extensive experience in class action securities litigation and complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors in federal and state courts throughout the United States. The Law Offices of Curtis V. Trinko, LLP also possesses significant class action experience in other

complex litigation, including consumer rights actions, commercial actions, antitrust actions, human rights actions, and environmental actions. See, e.g., Law Offices of Curtis V. Trinko, LLP's Firm Resume attached as Exhibit D to the Trinko Decl.

The Law Office of Marc E. Scollar possesses vast experience in complex litigation in a variety of different legal fields. His office has handled hundreds of cases from commencement to final verdict in cases involving many complex and unique legal issues, including complex contract disputes, civil rights actions, estate law, and bankruptcy. See, e.g., Declaration of Marc E. Scollar ("Scollar Decl.").

The Trinko and Scollar firms collectively have substantial experience and the resources necessary to efficiently conduct this litigation. Accordingly, the Court should approve Movants' selection of lead counsel.

**V.     CONCLUSION**

For all the foregoing reasons, Movants respectfully request that the Court: (a) appoint the ARS Investors Group as Co-Lead Plaintiffs; (b) approve ARS Investors Group's selection of the Law Offices of Curtis V. Trinko, LLP and the Law Office of Marc E. Scollar as the Co-Lead Counsel for the Class; and (c) grant such other and further relief as the Court may deem just and proper.

DATED: August 4, 2008                          Respectfully submitted,

 

LAW OFFICES OF CURTIS V. TRINKO, LLP
CURTIS V. TRINKO

        /s/ Curtis V. Trinko
_____
CURTIS V. TRINKO (CT 1838)
WAI K. CHAN (WC 0743)

16 West 46th Street, 7th Floor
New York, NY  10036
Telephone:     (212) 490-9550
Fax:                (212) 986-0158
Email:            ctrinko@trinko.com
                      kchan@trinko.com

[Proposed] Lead Counsel for Plaintiffs

LAW OFFICE OF MARC E. SCOLLAR
MARC E. SCOLLAR
1031 Victory Blvd.
Staten Island, NY 10301
Telephone:     (718) 720-4505
Fax:                (718) 720-5153
Email:            scollaratlaw@aol.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | |
|---|---|
| MILTON CIPLET, Individually and on Behalf of Itself and All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>JPMORGAN CHASE & CO. and J.P. MORGAN SECURITIES INC,<br><br>  Defendants. | Civil Action No. 08-CV-4580 (RMB)<br><br>CLASS ACTION |
| MARK SCHARFF, PINE SASH DOOR & LUMBER CO., INC., MARK SCHARFF & ASSOCIATES LLC, 2170 MILL AVENUE LLC, 6202-6217 REALTY LLC, MARK SCHARFF ITF MICHAEL SCHARFF, MARK SCHARFF ITF DANIEL SCHARFF And MARK SCHARFF ITF ARIEL SCHARFF, Individually and On Behalf of All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>JPMORGAN CHASE BANK & CO., J.P. MORGAN SECURITIES, INC. and CHASE INVESTMENT SERVICES CORP.,<br><br>  Defendants. | Civil Action No. 08-CV-5026 (RMB)<br><br>CLASS ACTION |

---------------------------------------------------------------x

**[PROPOSED] ORDER APPOINTING MILTON CIPLET, MARK SCHARFF, PINE SASH DOOR & LUMBER CO., INC., MARK SCHARFF & ASSOCIATES LLC, 2170 MILL AVENUE LLC, 6202-6217 REALTY LLC, MARK SCHARFF ITF MICHAEL SCHARFF, MARK SCHARFF ITF DANIEL SCHARFF AND MARK SCHARFF ITF ARIEL SCHARFF AS LEAD PLAINTIFFS AND APPROVING THEIR SELECTION OF LEAD COUNSEL**

Having considered all motions for appointment as lead plaintiff in the above-referenced actions, the Court having read and considered all papers and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

Having considered the application by Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff (collectively, "ARS Investors Group") for appointment as lead plaintiff and to approve their selection of lead counsel, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), and for good cause shown, the Court hereby enters the following Order:

1. The Court hereby concludes that the ARS Investors Group is the "most adequate plaintiff" and that it satisfies the requirements of Section 21D of the Exchange Act. The Court hereby appoints the ARS Investors Group as Lead Plaintiff in the above-captioned securities class action against JPMorgan Chase Bank & Co. and J.P. Morgan Securities, Inc.

2. The Lead Plaintiff, pursuant to § 21D(a)(3)(B)(v) of the Exchange Act, has selected and retained the Law Offices of Curtis V. Trinko, LLP ("Trinko") and the Law Office of Marc E. Scollar ("Scollar") as Co-Lead Counsel. This Court approves this selection, and hereby appoints Trinko and Scollar as Co-Lead Counsel.

IT IS SO ORDERED

DATED:_____      _____
                                RICHARD M. BERMAN, U.S.D.J.