# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Milton Ciplet, Individually and on behalf of all others similarly situated,

        Plaintiff,

   -   against -

JP Morgan Chase & Co. and J.P. Morgan Securities, Inc.,

        Defendants.

Case No. 08-cv-4580 (RMB)

Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff,

        Plaintiffs,

   -   against -

JPMorgan Chase Bank & Co., J.P. Morgan Securities, Inc., and Chase Investment Services Corp.,

        Defendants.

Case No. 08-cv-5026 (RMB)

**DECLARATION OF JONATHAN K. LEVINE IN RESPONSE TO COMPETING MOTIONS FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

I, Jonathan K. Levine, under penalty of perjury, hereby declare:

1.       I am a partner of Girard Gibbs LLP and am admitted to practice in the Southern District of New York.  I submit this declaration in support of the Response of the Assif Group to Competing Motions for Consolidation of Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel.

2.       Attached hereto as Exhibit A is a true and correct copy of a press release issued by JPMorgan on August 14, 2008.

3.       Attached hereto as Exhibit B is a true and correct copy of a report from Thomson Reuters dated August 1, 2008, titled, "U.S. Auction Rate Municipal Bonds Since 2000."

4.       Attached hereto as Exhibit C is a true and correct copy of a letter dated August 15, 2008, from Michael Decker and Mike Nicholas, Co-Chief Executive Officers of the Regional Bond Dealers Association, to state and federal securities regulators.

5.       Attached hereto as Exhibit D is a true and correct copy of the Notice of Redemption issued by the Triborough Bride and Tunnel Authority on July 22, 2008.

6.       Attached hereto as Exhibit E is a true and correct copy of a letter from Curtis V. Trinko, counsel for the Ciplet Group, dated August 20, 2008.

7.       Attached hereto as Exhibit F is a true and correct copy of a Bloomberg report reflecting that the auctions related to the Tennessee Bonds purchased by Ciplet Group member Mark Scharff did not begin to fail until July 29, 2008.

8.       Attached hereto as Exhibit G is a true and correct copy of the docket sheet for the matter styled *Scharff, et al. v. JP Morgan Chase Bank & Co., et al.*, Case No. 08-cv-5026.

9.       Attached hereto as Exhibit H is a graph listing active and closed cases pending in the Southern District of New York where Marc E. Scollar is listed as counsel.  This graph is

based on a search of Mr. Scollar's name on the Court's ECF system.

10.    To date, counsel for the Assif Group have been appointed to leadership positions in five auction rates securities class actions in this and other judicial Districts, including *In re UBS Auction Rate Securities Litigation*, 08-cv-2967 (LMM) (S.D.N.Y.); *Waldman v. Wachovia Corp., et al.*, 08-cv-2913 (SAS) (S.D.N.Y.); *Oughtred v. E\*Trade Financial Corp., et al.*, 08-cv-3295 (SHS) (S.D.N.Y.); *Defer LP v. Raymond James Financial Inc., et al.*, 08-cv-3449 (LAK) (S.D.N.Y.); and *Bondar v. Bank of America Corp.*, 08-cv-2599 (JSW) (N.D. Cal.).


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 28th day of August, 2008 at San Francisco, California.


                    /s/ *Jonathan K. Levine*
                    Jonathan K. Levine

## <u>CERTIFICATE OF SERVICE</u>

I, Jonathan K. Levine, hereby certify that on August 28, 2008, I caused the following document(s) to be filed electronically with the United States District Court for the Southern District of New York through the Court's mandated ECF service:

**DECLARATION OF JONATHAN K. LEVINE IN RESPONSE TO COMPETING MOTIONS FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document(s) upon confirmation of e-filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of August, 2008 at San Francisco, California.

*/S/ Jonathan K. Levine*

EXHIBIT A

« Previous Release | 🖨 Print page | ✉ E-mail page | 🖻 Download PDF | 🖥 Add to briefcase | Next Release »

**JPMorgan Chase to Settle with State Securities Regulators and Offer to Purchase Certain Customers' Auction Rate Securities**

**New York, NY - August 14, 2008** - JPMorgan Chase & Co. ("JPMorgan Chase") announced today that, as part of the Firm's ongoing commitment to its customers and as part of an agreement in principle to settle investigations by the New York State Attorney General's Office and the Office of Financial Regulation of the State of Florida (on behalf of the North American Securities Administrators Association ("NASAA")), it will offer to purchase at par auction rate securities ("ARS") that are held by individual customers and certain charities and small-to-medium-sized businesses and that were purchased through the Firm prior to February 12, 2008. In addition to announcing its agreement with the state securities regulators, JPMorgan Chase acknowledges the important role that the Securities and Exchange Commission ("SEC") has played in helping to resolve the unprecedented liquidity issues that arose earlier this year in connection with these securities. JPMorgan Chase has informed the SEC of its agreement with the states and continues to fully cooperate with the SEC's ongoing investigation.

The offer will cover an estimated $3 billion in ARS. JPMorgan Chase will offer to purchase at par all ARS held by its individual customers (other than the Firm's financial advisors and registered representatives and current and former senior management), as well as by those charities and small-to-medium-sized businesses with account values and household values of no more than $10 million (collectively, "individual customers") that were purchased through J.P. Morgan Securities Inc., Chase Investment Services Corp. or Bear, Stearns & Co. Inc. prior to February 12, 2008, for ARS where auctions have failed to clear since February 12, 2008. The Firm will purchase the ARS that are tendered under the program on or before November 12, 2008.

Based on current market conditions and on assumptions about the rate at which individual customers will tender securities, the Firm's preliminary estimate of the difference between the aggregate purchase price and market value of the securities it purchases under the program will be in the range of approximately $400 million on a pre-tax basis. The actual figure may vary significantly from this preliminary estimate and will depend, among other things, on market conditions and the amount of securities purchased.

Additional settlement terms include the following:

- JPMorgan Chase will compensate individual customers who purchased ARS through the Firm prior to Feb. 12, 2008, and sold such securities at a loss between that date and the date of this announcement.

- To the extent that an individual customer has incurred consequential damages beyond the loss of liquidity in the individual customer's holdings of ARS or loss based on a sale at less than par, JPMorgan Chase will participate in a special arbitration process that the individual customer may elect, and that will be overseen by FINRA, whereby JPMorgan Chase will not (solely for the purpose of the individual arbitrations) contest liability for any alleged misrepresentations and omissions concerning the ARS, but may challenge the existence or amount of any consequential damages; the arbitration claim will be heard by a single, non-industry arbitrator.

- JPMorgan Chase will continue to use its best efforts to provide liquidity solutions for its institutional investor base, including continuing to work with issuers and other interested parties on capital markets solutions, financing options and market liquidity, with the goal of resolving institutional investor customers' liquidity concerns no later than the end of 2009. JPMorgan Chase will periodically advise the New York State Attorney General and the NASAA of its progress in identifying market solutions for institutional investors.

- JPMorgan Chase will refund refinancing fees that JPMorgan Chase has received from municipal ARS issuers that issued ARS in the primary market through JPMorgan Chase between August 1, 2007 and February 12, 2008, and refinanced those securities through JPMorgan Chase after February 12, 2008.

- JPMorgan Chase will pay a $25 million penalty.

- JPMorgan Chase neither admits nor denies allegations of wrongdoing.

**About JPMorgan Chase & Co.**

JPMorgan Chase & Co. (NYSE: JPM) is a leading global financial services firm with assets of $1.8 trillion and operations in more than 60 countries. The firm is a leader in investment banking, financial services for consumers, small business and commercial banking, financial transaction processing, asset management, and private equity. A component of the Dow Jones Industrial Average, JPMorgan Chase serves millions of consumers in the United States and many of the world's most prominent corporate, institutional and government clients under its JPMorgan and Chase brands. Information about the firm

is available at www.jpmorganchase.com.

Close window | Back to top

## NOTICE OF REDEMPTION

### TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY

### SUBORDINATE REVENUE VARIABLE RATE BONDS, SUBSERIES 2002D-1, 2002D-2 AND 2002D-3 (AUCTION RATE SECURITIES), SUBSERIES 2002G-1 AND 2002G-2 (AUCTION RATE SECURITIES) AND SUBSERIES 2004A-3 (AUCTION RATE SECURITIES)

**[Subseries, redemption dates, and CUSIP # as derived from Schedule A hereto]**[*]

NOTICE IS HEREBY GIVEN to the holders of the Triborough Bridge and Tunnel Authority's Subordinate Revenue Variable Rate Bonds described above (the "Refunded Bonds") that such Refunded Bonds have been called for redemption prior to maturity on the respective redemption dates and at the redemption amount set forth on Schedule A hereto, plus accrued interest up to but not including such date of redemption.

As permitted by Section A-405 of the Triborough Bridge and Tunnel Authority Subordinate Revenue Resolution, as amended and supplemented, redemption of the Refunded Bonds on the redemption date set forth on Schedule A hereto is subject to and conditioned upon there being sufficient money on such redemption date to pay the redemption price of the Bonds to be redeemed on such date.

The Refunded Bonds will become due and payable on the respective redemption dates set forth on Schedule A hereto, and will be redeemed only upon presentation and surrender of such Refunded Bonds at the office of The Bank of New York Mellon as follows:

| If by Mail: | If in Person: | If by Courier: |
|---|---|---|
| The Bank of New York Mellon 111 Sanders Creek Parkway East Syracuse, New York 13057 | The Bank of New York Mellon Debt Processing Window 101 Barclay Street New York, New York 10286 | The Bank of New York Mellon Debt Processing Window 101 Barclay Street New York, New York 10286 |

Upon presentation and surrender of the Refunded Bonds the holder will receive the redemption price thereof. Holders of Refunded Bonds will receive their interest due on the respective redemption dates by check mailed directly to the registered holder in the usual manner. Interest on all Refunded Bonds will cease to accrue on the respective redemption dates.

Under the provisions of the Economic Growth and Tax Relief Act of 2001, paying agents making payments of interest or principal on municipal securities may be obligated to withhold a 30% tax from remittance to individuals who have failed to furnish the paying agent with a valid taxpayer identification number. Owners of the Refunded Bonds who wish to avoid the imposition of the tax should submit certified taxpayer identification numbers when presenting their Refunded Bonds for payment.

### TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY

By:    **THE BANK OF NEW YORK MELLON**
as Trustee

**Dated:  July 22, 2008**

---

[*]    No representation is made as to the accuracy of the CUSIP number either as printed on the Refunded Bonds or as set forth in this Notice of Redemption.

## SCHEDULE A

| REFUNDED BONDS | CUSIP NO.[1] | REDEMPTION DATE | REDEMPTION AMOUNT |
|---|---|---|---|
| Suberies 2002D-1 | 89602N AK0 | August 21, 2008 | Full par amount of outstanding bonds |
| Subseries 2002D-2 | 89602N AL8 | August 22, 2008 | Full par amount of outstanding bonds |
| Subseries 2002D-3 | 89602N AM6 | September 17, 2008 | Full par amount of outstanding bonds |
| Subseries 2002G-1 | 89602N CE2 | September 10, 2008 | Full par amount of outstanding bonds |
| Subseries 2002G-2 | 89602N CF9 | September 17, 2008 | Full par amount of outstanding bonds |
| Subseries 2004A-3 | 89602N GM0 | August 22, 2008 | Full par amount of outstanding bonds |

---

[1]    No representation is made as to the accuracy of the CUSIP number either as printed on the Refunded Bonds or as set forth in this Notice of Redemption.

## LAW OFFICES
### OF
# CURTIS V. TRINKO, LLP
16 WEST 46TH STREET
7TH FLOOR
NEW YORK, NEW YORK 10036

TELEPHONE (212) 490-9550

FAX NO. (212) 986-0158
EMAIL: CTRINKO@TRINKO.COM

August 20, 2008

**By Facsimile**

Jonathan K. Levine
Girard Gibbs LLP
601 California Street
14th Floor
San Francisco, CA 94108

     Re:   **Milton Ciplet v. J.P. Morgan Chase, et al., 08-CV-4580(RMB)**
            **Mark Scharff, et al v. J.P. Morgan Chase, et al., 08-CV-5026(RMB)**

Dear Jonathan:

     Pursuant to our agreement this morning with your co-counsel, we are providing you with the CUSIP numbers for the auction rate securities purchased by our clients.

     Mr. Ciplet purchased Triborough Bridge and Tunnel Authority NY Revs Var Ref Rev Bds Subser 2002G-2 (CUSIP 89602NCF9). Mr. Scharff purchased Educational FDG South Tenn. Edl Ln Rev Rev Bds 2003 B-2 (CUSIP 28148NBP7); Nelnet Student Ln. Ser 2004-2A Cl A5B (CUSIP 64031RBA6); Nelnet Student Ln. Tr Ser 2004-4 CL A4R1 Fltg Rt (CUSIP 64031QCK5); Educational FDG South Inc Tenn Edl Ln Rev Rev Bds 2003 B-2 (CUSIP 28148NBP7); Nelnet Student Ln. Tr Ser 2003-1 Cl A6 (CUSIP 64031QAW1); and Student Loan Calif. Rev Bds - Student Loan Program Ser IV-A-16 (CUSIP 00433TAC7).

     In return, we request that you provide us with the CUSIP numbers for the securities purchased by your clients that are the subject matter of this litigation.

Best regards,

*Curt*

Curtis V. Trinko

To: Jonathan K. Levine

August 20, 2008
Page 2 of 2


CC:    Mark Scollar (counsel for the Scharff plaintiffs)
       Jules Brody (counsel for movants Shenker and Nierenberg)
       Stephen A. Weiss (counsel for the Assif Group)
       Norman E.Siegel (counsel for the Assif Group)
       Jonathan K. Levine (counsel for the Assif Group)

# LAW OFFICES OF CURTIS V. TRINKO, LLP
### 16 WEST 46TH STREET
### 7TH FLOOR
### NEW YORK, NEW YORK 10036
—

**TELEPHONE**
**(212) 490-9550**

**TELECOPIER**
**(212) 986-0158**

Email : Ctrinko@trinko.com

__FACSIMILE TRANSMISSION COVER SHEET__

**DATE:**          **August 20, 2008**

| TO: | FIRM: | FAX: |
|---|---|---|
| Jonathan K. Levine | Girard Gibbs LLP | 415-981-4846 |
| Marc Scollar | Law Offices of Mark E. Scollar | 718-720-5153 |
| Jules Brody | Stull, Stull & Brody | 212-490-2022 |
| Stephen A. Weiss | Seeger Weiss LLP | 212-584-0799 |
| Norman A. Siegel | Stueve Siegel Hanson LLP | 816-714-7101 |

**FROM:**          Curt Trinko / Wai Kinny Chan

**RE:**          **Milton Ciplct v. J.P. Morgan Chase, et al., 08-CV-4580(RMB)**
**Mark Schaff, et al., v. J.P. Morgan Chase, et al., 08-CV-026(RMB)**

**TOTAL NUMBER OF PAGES IN TRANSMISSION, INCLUDING COVER SHEET: 3**

**(IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL OUR OFFICE AT (212) 490-9550).**

**SPECIAL INSTRUCTIONS/COMMENTS:**

This transmission and its contents are attorney work product. These materials contain legally privileged and confidential information which is intended solely for the use of the addressee. If the reader is not the intended recipient, you are hereby notified that any dissemination, distribution, copying or other use of this transmission and its contents is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone, and return the original to this office via the United States Mail.

ECF

# U.S. District Court
# United States District Court for the Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:08-cv-05026-RMB

Scharff et al v. JPMorgan Chase Bank & Co. et al
Assigned to: Judge Richard M. Berman
Demand: $9,999,000
Cause: 28:1331 Fed. Question

Date Filed: 06/02/2008
Jury Demand: Plaintiff
Nature of Suit: 850 Securities/Commodities
Jurisdiction: Federal Question

**Plaintiff**

**Mark Scharff**                                    represented by   **Marc Evan Scollar**
                                                                     Scollar & Scollar
                                                                     1031 Victory Blvd.
                                                                     Staten Island, NY 10301
                                                                     (718) 720-4505
                                                                     Fax: 718 720 5153
                                                                     Email: scollaratlaw@aol.com
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Curtis Victor Trinko**
                                                                     Law Offices of Curtis V. Trinko, LLP
                                                                     16 West 46th Street, Seventh Floor
                                                                     New York, NY 10036
                                                                     212-490-9550
                                                                     Fax: 212-986-0158
                                                                     Email: ctrinko@trinko.com
                                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Pine Sash Door & Lumber Co, Inc**               represented by   **Marc Evan Scollar**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Curtis Victor Trinko**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mark Scharff & Associates LLC**                 represented by   **Marc Evan Scollar**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Curtis Victor Trinko**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**2170 Mill Avenue LLC**                    represented by    **Marc Evan Scollar**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Curtis Victor Trinko**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**6202-6217 Realty LLC**                    represented by    **Marc Evan Scollar**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Curtis Victor Trinko**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Mark Scharff ITF Daniel Scharf**          represented by    **Marc Evan Scollar**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Curtis Victor Trinko**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Mark Scharff ITF Ariel Scharf**           represented by    **Marc Evan Scollar**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Curtis Victor Trinko**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

V.

<u>Defendant</u>

**JPMorgan Chase Bank & Co.**               represented by    **Christine McAteer Ford**
                                                             Simpson Thacher & Bartlett LLP (NY)
                                                             425 Lexington Avenue
                                                             New York, NY 10017
                                                             (212)-455-2554
                                                             Fax: (212)-455-2502
                                                             Email: cford@stblaw.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Jonathan K. Youngwood**
                                                             Simpson Thacher & Bartlett LLP (NY)
                                                             425 Lexington Avenue
                                                             New York, NY 10017

(212) 455-2000
Fax: (212) 455-2502
Email: jyoungwood@stblaw.com
*ATTORNEY TO BE NOTICED*

**Thomas C. Rice**
Simpson Thacher & Bartlett LLP (NY)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
Fax: (212) 455-2502
Email: trice@stblaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JPMorgan Securities, Inc.**                    represented by **Christine McAteer Ford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan K. Youngwood**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas C. Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chase Investment Services Corp.**              represented by **Christine McAteer Ford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan K. Youngwood**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas C. Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Robert H. Shenker**                            represented by **James Henry Glavin**
Stull Stull & Brody
6 East 45th Street, 5th Floor
New York, NY 10017
(212) 687-7230
Fax: 212) 490-2022
Email: jhglavin@ssbny.com
*ATTORNEY TO BE NOTICED*

**Jules Brody**
Stull Stull & Brody
6 East 45th Street, 5th Floor
New York, NY 10017
(212)-687-7230
Fax: (212)-490-2022

Email: ssbny@aol.com
*ATTORNEY TO BE NOTICED*

**Movant**

**David Nierenberg**                     represented by   **James Henry Glavin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jules Brody**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Movant**

**Thomas C. Assif**                      represented by   **Jonathan K. Levine**
                                                          Girard Gibbs & De Bartolomeo, LLP
                                                          601 California St, Suite 1400
                                                          San Francisco, CA 94108
                                                          415-981-4800
                                                          Fax: 415-981-4846
                                                          Email: jkl@girardgibbs.com
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/02/2008 | 1 | COMPLAINT against JPMorgan Chase Bank & Co., JPMorgan Securities, Inc., Chase Investment Services Corp.. (Filing Fee $ 350.00, Receipt Number 652761)Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC.(rdz) (Entered: 06/04/2008) |
| 06/02/2008 |  | SUMMONS ISSUED as to JPMorgan Chase Bank & Co., JPMorgan Securities, Inc., Chase Investment Services Corp.. (rdz) (Entered: 06/04/2008) |
| 06/02/2008 |  | CASE REFERRED TO Judge Gerald E. Lynch as possibly Related to 08-cv-3177. (rdz) (Entered: 06/04/2008) |
| 06/02/2008 |  | Case Designated ECF. (rdz) (Entered: 06/04/2008) |
| 06/02/2008 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC.(rdz) (Entered: 06/04/2008) |
| 06/10/2008 | 3 | FILING ERROR - DEFICIENT DOCKET ENTRY -(INCORRECT FILER SELECTED) AFFIDAVIT OF SERVICE. JPMorgan Chase Bank & Co. served on 6/4/2008, answer due 6/24/2008. Service was accepted by Carol Vogt. Document filed by JPMorgan Securities, Inc.. (Scollar, Marc) Modified on 6/18/2008 (kco). (Entered: 06/10/2008) |
| 06/10/2008 | 4 | AFFIDAVIT OF SERVICE. Service was accepted by Carol Vogt. Document filed by Mark Scharff & Associates LLC. (Scollar, Marc) (Entered: 06/10/2008) |
| 06/10/2008 | 5 | AFFIDAVIT OF SERVICE. JPMorgan Securities, Inc. served on 6/3/2008, answer due 6/23/2008. Service was accepted by Donna Christie. Document filed by Mark Scharff & Associates LLC. (Scollar, Marc) (Entered: 06/10/2008) |
| 06/10/2008 |  | Magistrate Judge James C. Francis IV is so designated. (rdz) (Entered: 06/19/2008) |
| 06/10/2008 |  | CASE DECLINED AS NOT RELATED. Case referred as related to 08-cv-3177 and declined |

| | | by Judge Gerald E. Lynch and returned to wheel for assignment. (rdz) (Entered: 07/23/2008) |
|---|---|---|
| 06/10/2008 | 6 | NOTICE OF CASE ASSIGNMENT to Judge William H. Pauley, III. (Entered: 07/23/2008) |
| 06/19/2008 | 7 | NOTICE OF APPEARANCE by Thomas C. Rice on behalf of JPMorgan Chase Bank & Co., JPMorgan Securities, Inc., Chase Investment Services Corp. (Rice, Thomas) (Entered: 06/19/2008) |
| 06/19/2008 | 8 | NOTICE OF APPEARANCE by Jonathan K. Youngwood on behalf of JPMorgan Chase Bank & Co., JPMorgan Securities, Inc., Chase Investment Services Corp. (Youngwood, Jonathan) (Entered: 06/19/2008) |
| 06/20/2008 | 9 | NOTICE OF APPEARANCE by Christine McAteer Ford on behalf of JPMorgan Chase Bank & Co., JPMorgan Securities, Inc., Chase Investment Services Corp. (Ford, Christine) (Entered: 06/20/2008) |
| 06/25/2008 | 10 | STIPULATION AND ORDER: It is hereby stipulated and agreed that defendant's are not obligated to answer, move against, or otherwise respond to the Complaint filed in this action until after the Court's appointment of a Lead Plaintiff and an Amended Consolidated Complaint is filed. 60 days after the entry of the order appointing Lead Plaintiff, Lead Plaintiff will file a Consolidated Amended Complaint. 60 Days after the Consolidated Amended Complaint is filed, defendant's will either answer or move to dismiss the Consolidated Amended Complaint. If defendant's move to dismiss the Consolidated Amended Complaint, Lead Plaintiff will file within 60 day papers opposing such motion. defendant's will then have 30 days to reply to such oppositions. Promptly following the appointment of a Lead Plaintiff, the parties will confer and propose a schedule to the Court, either to answer or move against any consolidated complaint that may be filed. (Signed by Judge Gerard E. Lynch on 6/24/2008) (jfe) (Entered: 06/25/2008) |
| 07/07/2008 | 11 | ENDORSED LETTER addressed to Judge Richard M. Berman and Judge Gerard E. Lynch from Jonathan K. Youngwood dated 7/3/08 re: Counsel for Defendants in cases 08cv4580 and 08cv5026 write with the consent and support of named plaintiffs in each of the cases to request that one of the two cases be reassigned so that the cases may be heard by the same judge. ENDORSEMENT: let's adjourn our conference to 7/29/08 @ 9:15 as Judge Lynch is away. (Signed by Judge Richard M. Berman on 7/7/08) (tro) (Entered: 07/08/2008) |
| 07/30/2008 | 22 | NOTICE OF CASE REASSIGNMENT to Judge Richard M. Berman. Judge William H. Pauley, III is no longer assigned to the case. (mbe) (Entered: 08/06/2008) |
| 08/04/2008 | 12 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff to serve as lead plaintiff(s) *And Approving Their Selection Of Lead Counsel.* Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Certificate of Service)(Trinko, Curtis) Modified on 8/6/2008 (db). (Entered: 08/04/2008) |
| 08/04/2008 | 13 | FILING ERROR - DEFICIENT DOCKET ENTRY - MEMORANDUM OF LAW in Support re: 12 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S *And Approving Their Selection Of Lead Counsel.* Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Text of Propose Order)(Trinko, Curtis) Modified on 8/6/2008 (db). (Entered: 08/04/2008) |
| 08/04/2008 | 14 | FILING ERROR - DEFICIENT DOCKET ENTRY - DECLARATION of Curtis V. Trinko in Support re: 12 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber |

| | | |
|---|---|---|
| | | Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Trinko, Curtis) Modified on 8/6/2008 (db). (Entered: 08/04/2008) |
| 08/04/2008 | 15 | FILING ERROR - DEFICIENT DOCKET ENTRY - DECLARATION of Marc E. Scollar in Support re: 12 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Exhibits A-B, # 2 Exhibit C, # 3 Exhibit D)(Trinko, Curtis) Modified on 8/6/2008 (db). (Entered: 08/04/2008) |
| 08/04/2008 | 16 | MOTION to Appoint Robert H. Shenker and David Nierenberg to serve as lead plaintiff(s)., MOTION to Consolidate Cases 08-cv-4580., MOTION to Appoint Counsel. Document filed by Robert H. Shenker, David Nierenberg. (Attachments: # 1 Text of Proposed Order)(Glavin, James) (Entered: 08/04/2008) |
| 08/04/2008 | 17 | MEMORANDUM OF LAW in Support re: 16 MOTION to Appoint Robert H. Shenker and David Nierenberg to serve as lead plaintiff(s). MOTION to Consolidate Cases 08-cv-4580. MOTION to Appoint Counsel. MOTION to Appoint Robert H. Shenker and David Nierenberg to serve as lead plaintiff(s).. Document filed by Robert H. Shenker, David Nierenberg. (Glavin, James) (Entered: 08/04/2008) |
| 08/04/2008 | 18 | DECLARATION of James Henry Glavin IV in Support re: 16 MOTION to Appoint Robert H. Shenker and David Nierenberg to serve as lead plaintiff(s). MOTION to Consolidate Cases 08-cv-4580. MOTION to Appoint Counsel. MOTION to Appoint Robert H. Shenker and David Nierenberg to serve as lead plaintiff(s).. Document filed by Robert H. Shenker, David Nierenberg. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Glavin, James) (Entered: 08/04/2008) |
| 08/04/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Note to Attorney Curtis Victor Trinko to RE-FILE Document 12 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Use the event type Memorandum of Law in Support of Motion found under the event list Replies, Opposition and Supporting Documents. Motion was not filed. (db) (Entered: 08/06/2008) |
| 08/04/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Curtis Victor Trinko to RE-FILE Document 13 Memorandum of Law in Support of Motion. ERROR(S): Supporting Document must be attached to corrected Motion. First file Motion, then Memorandum in Support. (db) (Entered: 08/06/2008) |
| 08/04/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Curtis Victor Trinko to RE-FILE Document 14 Declaration in Support of Motion. ERROR(S): Supporting Document must be attached to corrected Motion. First file Motion, then Declaration of Curtis Victor Trinko. (db) (Entered: 08/06/2008) |
| 08/04/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Curtis Victor Trinko to RE-FILE Document 15 Declaration in Support of Motion. ERROR(S): Supporting Document must be attached to corrected Motion. First file Motion, then Declaration of Marc E. Scollar. (db) (Entered: 08/06/2008) |
| 08/05/2008 | 19 | DECLARATION of Curtis V. Trinko in Support re: 12 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill |

| | | |
|---|---|---|
| | | Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Trinko, Curtis) (Entered: 08/05/2008) |
| 08/05/2008 | 20 | DECLARATION of Marc E. Scollar in Support re: 12 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Exhibits A-B, # 2 Exhibit C, # 3 Exhibit D)(Trinko, Curtis) (Entered: 08/05/2008) |
| 08/06/2008 | 21 | NOTICE OF APPEARANCE by Jules Brody on behalf of Robert H. Shenker, David Nierenberg (Brody, Jules) (Entered: 08/06/2008) |
| 08/06/2008 | 23 | MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff to serve as lead plaintiff(s). Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Certificate of Service) (Trinko, Curtis) (Entered: 08/06/2008) |
| 08/06/2008 | 24 | MEMORANDUM OF LAW in Support re: 23 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Text of Proposed Order)(Trinko, Curtis) (Entered: 08/06/2008) |
| 08/06/2008 | 25 | DECLARATION of Curtis V. Trinko in Support re: 23 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Trinko, Curtis) (Entered: 08/06/2008) |
| 08/06/2008 | 26 | DECLARATION of Marc E. Scollar in Support re: 23 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Exhibits A-B, # 2 Exhibit C, # 3 Exhibit D)(Trinko, Curtis) (Entered: 08/06/2008) |
| 08/15/2008 | 27 | NOTICE OF APPEARANCE by Jonathan K. Levine on behalf of Thomas C. Assif (Levine, Jonathan) (Entered: 08/15/2008) |
| 08/15/2008 | 28 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Thomas C. Assif.(Levine, Jonathan) (Entered: 08/15/2008) |
| 08/18/2008 | 29 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying JPMorgan Chase & Co. as Corporate Parent. Document filed by JPMorgan Chase Bank & Co., JPMorgan Securities, Inc., Chase Investment Services Corp..(Youngwood, Jonathan) (Entered: 08/18/2008) |
| | | |

| 08/21/2008 | 30 | ADMINISTRATIVE ORDER: The Clerk of Court is respectfully requested to desingate the above captioned case, which was recently transferred from Judge William H. Pauley, III to the undersigned, as related to Ciplet v. JPMorgan Chase & Co., No. 08 Civ. 4580. (Signed by Judge Richard M. Berman on 8/21/08) (tro) (Entered: 08/21/2008) |
|---|---|---|
| 08/21/2008 | | Transmission to Case Assignment Clerk. Transmitted re: 30 Order, to the Case Assignment Clerk for preparation of notice of case assignment/reassignment. (tro) (Entered: 08/21/2008) |
| 08/21/2008 | 31 | MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff to serve as lead plaintiff(s) *approving their selection of counsel, and consolidating actions*. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Certificate of Service)(Trinko, Curtis) (Entered: 08/21/2008) |
| 08/21/2008 | 32 | MEMORANDUM OF LAW in Support re: 31 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Text of Proposed Order)(Trinko, Curtis) (Entered: 08/21/2008) |
| 08/21/2008 | 33 | DECLARATION of Curtis V. Trinko in Support re: 31 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Trinko, Curtis) (Entered: 08/21/2008) |
| 08/21/2008 | 34 | DECLARATION of Marc E. Scollar in Support re: 31 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Exhibits A-B, # 2 Exhibit C, # 3 Exhibit D)(Trinko, Curtis) (Entered: 08/21/2008) |
| 08/21/2008 | 35 | MOTION to Appoint Thomas C. Assif, Kismet TMF Holdings, LLC, and SKS Capital Partners, LLC to serve as lead plaintiff(s) *MOTION to Appoint Counsel*. Document filed by Thomas C. Assif. (Attachments: # 1 Text of Proposed Order)(Levine, Jonathan) (Entered: 08/21/2008) |
| 08/21/2008 | 36 | MEMORANDUM OF LAW in Support re: 35 MOTION to Appoint Thomas C. Assif, Kismet TMF Holdings, LLC, and SKS Capital Partners, LLC to serve as lead plaintiff(s) *MOTION to Appoint Counsel*. MOTION to Appoint Thomas C. Assif, Kismet TMF Holdings, LLC, and SKS Capital Partners, LLC to serve as lead plaintiff(s) *MOTION to Appoint Counsel*.. Document filed by Thomas C. Assif. (Levine, Jonathan) (Entered: 08/21/2008) |
| 08/21/2008 | 37 | DECLARATION of Jonathan K. Levine in Support re: 35 MOTION to Appoint Thomas C. Assif, Kismet TMF Holdings, LLC, and SKS Capital Partners, LLC to serve as lead plaintiff(s) *MOTION to Appoint Counsel*. MOTION to Appoint Thomas C. Assif, Kismet TMF Holdings, LLC, and SKS Capital Partners, LLC to serve as lead plaintiff(s) *MOTION to Appoint Counsel*.. Document filed by Thomas C. Assif. (Levine, Jonathan) (Entered: 08/21/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/27/2008 17:04:42 | | | |
| **PACER Login:** | sh0419 | **Client Code:** | Auction rate JP Morgan |
| **Description:** | Docket Report | **Search Criteria:** | 1:08-cv-05026-RMB |
| **Billable Pages:** | 7 | **Cost:** | 0.56 |

EXHIBIT B

Request 6 Rank 1

## US Auction Rate Municipal Bonds since 2000

| Bookrunner | Par Amount (US$ mil) | Rank | Mkt. Share | Number of Issues | Issuer | Par Amount (US$ mil) | Rank | Mkt. Share | Number of Issues |
|---|---|---|---|---|---|---|---|---|---|
| Citi | 55,373.4 | 1 | 22.8 | 431 | Brazos Higher Education Auth | 12,293.2 | 1 | 5.1 | 39 |
| UBS Securities LLC | 42,431.9 | 2 | 17.4 | 417 | Pennsylvania Hghr Ed Assist Agcy | 7,733.5 | 2 | 3.2 | 27 |
| J P Morgan Securities Inc | 31,337.5 | 3 | 12.9 | 296 | Florida Citizens Prop Ins Corp | 4,750.0 | 3 | 2.0 | 6 |
| Morgan Stanley | 22,163.2 | 4 | 9.1 | 245 | Educational Funding of the South | 4,280.7 | 4 | 1.8 | 23 |
| Goldman Sachs & Co | 21,390.4 | 5 | 8.8 | 240 | NYS Dorm Authority | 3,991.3 | 5 | 1.6 | 28 |
| RBC Capital Markets | 18,918.4 | 6 | 7.8 | 168 | Brazos Student Finance Corp | 3,965.6 | 6 | 1.6 | 10 |
| Merrill Lynch & Co | 16,275.0 | 7 | 6.7 | 160 | California Statewide Comm Dev Au | 3,911.3 | 7 | 1.6 | 28 |
| Banc of America Securities LLC | 14,906.8 | 8 | 6.1 | 127 | Florida Hurricane Catastrophe Fin | 3,500.0 | 8 | 1.4 | 1 |
| Lehman Brothers | 10,473.3 | 9 | 4.3 | 126 | Illinois Finance Authority | 3,482.0 | 9 | 1.4 | 38 |
| Wachovia Securities | 2,699.4 | 10 | 1.1 | 59 | Illinois Student Assist Commision | 3,460.6 | 10 | 1.4 | 22 |
| Piper Jaffray & Co | 1,697.5 | 11 | .7 | 37 | Missouri Hgr Ed Loan Authority | 3,196.1 | 11 | 1.3 | 14 |
| SunTrust Capital Markets Inc | 823.4 | 12 | .3 | 24 | New Jersey Economic Dev Auth | 3,052.7 | 12 | 1.3 | 16 |
| Morgan Keegan & Co Inc | 815.4 | 13 | .3 | 26 | NorthStar Education Fin Inc | 3,020.0 | 13 | 1.2 | 4 |
| Raymond James & Associates Inc | 542.1 | 14 | .2 | 6 | Iowa Student Loan Liquidity Corp | 2,921.2 | 14 | 1.2 | 17 |
| BB&T Capital Markets | 510.0 | 15 | .2 | 4 | Jefferson Co-Alabama | 2,786.6 | 15 | 1.2 | 5 |
| Ziegler Capital Markets | 508.0 | 16 | .2 | 4 | Arizona Ed Loan Marketing Corp | 2,738.6 | 16 | 1.1 | 17 |
| E J De La Rosa & Co Inc | 393.4 | 17 | .2 | 9 | Harris Co Health Facs Dev Corp | 2,624.6 | 17 | 1.1 | 12 |
| Wells Fargo Brokerage | 233.0 | 18 | .1 | 4 | North Carolina St Ed Assist Auth | 2,495.9 | 18 | 1.0 | 11 |
| Cain Brothers | 194.2 | 19 | .1 | 4 | California Health Facs Fin Auth | 2,135.6 | 19 | .9 | 18 |
| KeyBanc Capital Markets | 193.2 | 20 | .1 | 3 | Massachusetts Hlth & Ed Facs Au | 2,015.8 | 20 | .8 | 25 |
| First Southwest Company | 169.9 | 21 | .1 | 2 | Kentucky Hghr Ed Student Ln Corp | 1,901.3 | 21 | .8 | 22 |
| Loop Capital Markets | 142.1 | 22 | .1 | 2 | Indiana Sec Market Educ Loans | 1,895.9 | 22 | .8 | 10 |
| Commerce Capital Markets | 98.2 | 23 | .0 | 2 | Michigan Hghr Ed Student Ln Auth | 1,890.5 | 23 | .8 | 8 |
| Sutter Securities Inc | 94.4 | 24 | .0 | 3 | Access Group Inc | 1,884.6 | 24 | .8 | 4 |
| George K Baum & Company Inc | 94.2 | 25 | .0 | 2 | Washington Health Care Facs Au | 1,846.8 | 25 | .8 | 17 |
| **Industry Total** | **243,304.1** | **-** | **100.0** | **2,353** | **Industry Total** | **243,304.1** | **-** | **100.0** | **2,353** |

**Source: Thomson Reuters**

EXHIBIT C



REGIONAL
BOND DEALERS
ASSOCIATION

1940 Duke Street
Second Floor
Alexandria, VA 22314
703-486-5672

The Honorable Christopher Cox            The Honorable Andrew Cuomo
Chairman                                 Attorney General
Securities and Exchange Commission       The Capitol
100 F Street, NE                         Albany, NY 12224
Washington, DC 20549

Ms. Karen Tyler
North Dakota Securities Commissioner and
President, North American Securities Administrators Association
750 First Street, NE
Suite 1140
Washington, D.C. 20002

August 15, 2008

Dear Chairman Cox, Attorney General Cuomo and Commissioner Tyler,

Recently you all announced several agreements in principle to settle claims against UBS
Securities LLC and UBS Financial Services, Inc. (together, "UBS"), Citigroup Global Markets,
Inc. ("Citigroup"), JP Morgan Chase & Co. ("J.P. Morgan"), Morgan Stanley, and Wachovia
Securities, LLC and Wachovia Capital Markets, LLC (together, "Wachovia") regarding the
underwriting and sale of auction rate securities ("ARS").  Under the settlements UBS, Citigroup,
J.P. Morgan, Morgan Stanley and Wachovia (together, the "settling firms") have agreed to buy
back or otherwise liquidate a combined $46 billion of ARS from retail, charitable, small business
and, in the cases of UBS and Wachovia, institutional investors.  In addition, Citigroup has agreed
to use best efforts to liquidate another $12 billion of ARS from institutional investors, and JP
Morgan and Morgan Stanley have also agreed to use best efforts in liquidating institutional
investors' positions.  The settling firms have also agreed to take other actions to compensate and
provide liquidity to investors holding ARS they no longer want.  In addition to these settlement
announcements, other securities firms who manage ARS programs, including, for example,
Merrill Lynch & Co., Inc. ("Merrill Lynch"), have recently announced that they, too, will buy
ARS back from certain investors.

The Regional Bond Dealers Association[1] ("RBDA") commends you all for your aggressive
actions in helping to restore order in the ARS market.  However, we fear that the settlements
may exclude a significant number of investors.  Specifically, although UBS, Citigroup, J.P.
Morgan, Morgan Stanley, Wachovia and other firms served as lead managers for tens of billions

---

[1] The Regional Bond Dealers Association is the only U.S. organization that exclusively represents regional securities
firms and banks active in the bond markets.

of dollars of ARS, some of those bonds were sold to investors by other securities firms who are best described as "distributing firms." Distributing firms did not participate or participated only to a limited extent in ARS auctions and had, at best, limited access to information regarding the deteriorating liquidity conditions in the ARS market in late 2007 and early 2008.

On the other hand, it is clear in part from evidence that you all have published that lead managers bid at auctions for their own accounts without disclosing that fact and gave the market a false sense of liquidity when real investor demand was disappearing.  According to Attorney General Cuomo's complaint against UBS, UBS acted against investors' best interests in part by buying ARS in auctions that otherwise would have failed without disclosing that fact to the market or to its customers.[2]  If the allegations in Attorney General Cuomo's complaint are true and if lead managers other than UBS engaged in similar activity, the violations at the heart of the ARS market downturn stem not from problems with distributing firms at the "point of sale" but in the relatively opaque auction process.

As you formalize and conclude settlements with UBS, Citigroup, J.P. Morgan, Morgan Stanley, Wachovia and any other firms you may be in negotiations with, we urge you to ensure that liquidity and other assistance cover not only direct customers of those firms, but any investors who bought securities associated with those firms' ARS programs.  Any settlement that does not apply the same lead manager obligations to both those firms' direct customers as well as those investors who bought lead managers' ARS through other dealers would be unfair and would leave thousands of investors without a resolution.

<u>Settlement announcements leave many ARS investors without resolution.</u>

In the cases of Citigroup and UBS, it is unclear whether the settlement agreements encompass ARS where the settling firms were lead managers and the bonds were sold to investors by distributing firms.  In the cases of J.P. Morgan, Morgan Stanley and Wachovia it appears that those settlement agreements exclude securities in those firms' ARS programs that were bought through other dealers.  This is further evidenced by the fact that the total volume of securities that are to be bought by the settling firms as specified in the settlement announcements appear to be less than the total outstanding volumes of ARS for which those firms are the lead managers. In some cases, investors may hold ARS in dealer accounts even if they never bought the securities from that dealer at all if, for example, an investor transferred securities from an account at one broker-dealer—perhaps a settling firm—to another using the Depository Trust and Clearing Corporation's Automated Customer Account Transfer Service or some other means.  Some distributing dealers have told us that over half their customers' ARS holdings are positions transferred from other firms, often ARS lead managers.

There are a number of compelling reasons why it is important that the final settlement agreements with Citigroup, UBS, J.P. Morgan, Morgan Stanley, Wachovia and any other firms that may settle in the future afford the same treatment to investors in all those firms' ARS regardless of whether those investors bought their securities directly from the settling firms or from other dealers.

---

[2] The People of the State of New York v. UBS Securities LLC and UBS Financial Services, Inc., summons filed by Andrew M. Cuomo dated July 24, 2008.

*Lead managers are generally the only parties who have complete knowledge of and control over ARS auctions.*

The role of lead manager in an ARS goes beyond simply overseeing the underwriting and sale of new bonds to investors. In an ARS transaction the lead manager oversees the periodic auction process and is paid an ongoing fee for that service. This function—and the associated compensation—extends not just to those bonds that the lead manager itself sold to investors but also to bonds in the same issue sold by other securities firms.

Lead managers in an ARS transaction exercise an almost complete degree of control over information associated with auctions. Lead managers are the only dealers associated with an ARS that know, for example, the number of bidders at an auction, the individual and aggregate dollar amount of bids, the range of bid prices, whether there are sufficient bids by investors for the auction to succeed, and the clearing rates in successful auctions (before those rates are disclosed to the issuer and investors). The lead manager is also the only party (other than perhaps the auction agent, who is not a principal in the transaction) who knows whether the lead manager itself bid at an auction for its own account and whether that bid was necessary for the auction's success.

Investors and other dealers, including those dealers who may have sold ARS to investors, generally do not have access to a wide variety of important information related to auction activity. This factor is especially important in the context of how the ARS market behaved in late 2007 and early 2008. As liquidity in the ARS market deteriorated in late 2007, lead managers attempted for a while to support otherwise failing auctions by bidding for their own positions on a widespread basis, giving other market participants the false impression that the market was functioning normally when investor demand for ARS had evaporated significantly. To the extent that the market was indeed characterized by this false sense of liquidity during this period, no ARS market participants other than the lead managers—not investors nor distributing dealers—could have been aware that no substantial degree of real liquidity remained for many issues.

*Excluding the customers of distributing dealers from the buy-backs or other solutions mandated by settlements would worsen their prospects for restoring liquidity to their positions.*

If the ARS investor customers of distributing dealers were excluded from commitments by lead managers to liquidate ARS positions or provide other benefits or compensation to ARS investors, those investors would be worse off than if no settlements were executed at all. In the absence of settlements, all investors in failed ARS have some prospect, however remote, of finding buyers for their positions. Settlements that excluded distributing dealers' customers would dissuade anyone from buying those investors' securities, since those ARS would not be eligible for sale to the lead manager. Their securities would be treated by the market as "tainted" since they would be outside the obligations of lead managers specified in the settlements. Simply, investors who had no claim under the settlement would be less likely to find buyers than if there were no settlement at all.

*Lead managers who are primary dealers are in the best position to buy investors' ARS positions because primary dealers can readily finance those positions.*

On March 16, 2008 the Federal Reserve Bank of New York ("FRBNY") announced the creation of the Primary Dealer Credit Facility ("PDCF"). The PDCF provides a means for primary dealers to receive overnight financing from the FRBNY using an expanded list of collateral. Although the financing is technically overnight, it can be easily rolled on a daily basis to allow for longer term financing of securities positions. The "Program Terms and Conditions" for the PDCF published by the FRBNY state that "Collateral eligible for pledge under the PDCF includes all collateral eligible for pledge in open market operations, plus investment grade corporate securities, municipal securities, mortgage-backed securities, and asset-backed securities."[3] This list of eligible collateral appears to include many examples of ARS, and the PDCF may provide an inexpensive and efficient means for primary dealers to finance ARS bought from investors. Even if certain ARS were not accepted as eligible collateral under the PDCF, primary dealers could still benefit from the PDCF in financing ARS holdings by pledging other eligible collateral to achieve similar results. Non-primary dealers, on the other hand, do not have access to the PDCF. Indeed, many non-primary dealers have found it exceedingly difficult in recent months to finance any securities positions through otherwise "normal" means such as repurchase agreements. In this regard, primary dealers are in the best position to purchase and hold investors' ARS.

*Some lead managers who have already committed to buying illiquid ARS from investors have stated that holding those securities would not be burdensome.*

Regarding its offer to purchase many outstanding ARS, Merrill Lynch said it "does not expect its redemption of auction rate securities in 2009 through 2010 to have a materially adverse impact on its capital ratios, liquidity, or consolidated financial performance."[4] Regarding its commitments under last week's announced ARS settlement, Citigroup said that "the capital impact of bringing these [ARS] assets onto Citi's balance sheet is expected to be *de minimis*."[5] Regarding its settlement, Wachovia said it "does not currently expect that the purchase of ARS under the agreement in principle will have a material effect on capital, liquidity or overall financial results."[6] Firms like Merrill Lynch, Citigroup and Wachovia can buy and hold large volumes of ARS because even though their ARS positions would be significant, they are still small relative to the firms' total assets, and those firms have sufficient financial resources to carry large securities positions. By contrast, many distributing dealers are much smaller firms with fewer financial resources, and carrying even smaller ARS positions would be excessively burdensome. Holding a significant portfolio of ARS would overwhelm the available capital of many distributing firms. There simply is not sufficient capacity among distributing firms to buy back ARS positions from investors. The only practical solution for making investors whole is to include the ARS customers of distributing firms in the settlements with large lead managers.

---

[3] Federal Reserve Bank of New York, "Primary Dealer Credit Facility Program Terms and Conditions," www.newyorkfed.org/markets/pdcf_terms.html.
[4] Merrill Lynch & Co., Inc., "Merrill Lynch to Buy Auction Rate Securities Positions From Its Retail Clients," press release, August 7, 2008.
[5] Citigroup Inc., "Citi Statement on ARS Settlement," press release, August 7, 2008.
[6] Wachovia Corporation, "Wachovia Announces Global Agreement in Principle to Settle Auction Rate Securities," press release, August 15, 2008.

*Summary*

We commend and support the efforts of the SEC, the New York Attorney General and the North American Securities Administrators Association to facilitate a solution to problems in the ARS market.  However, we are concerned about the breadth of the settlements.  If the obligations of the settling firms do not extend to investors who bought securities issued under those firms' programs but were sold by other dealers, many investors will be no better off—and may be worst off—than if there were no settlements at all.  Expecting distributing firms to buy back ARS is simply not practical; those firms do not have the capital and financing capacity to carry large volumes of ARS.  It also would not be fair; distributing firms were kept just as uninformed as investors were by large lead managers as the ARS market deteriorated last fall.  As you work to conclude and formalize the agreements in principle announced recently and as you negotiate similar agreements with other lead managers, we urge you to take all steps necessary to ensure that settlement agreements are broad enough to explicitly cover all investors in lead managers' ARS, regardless of which firm sold the securities.

We would welcome the opportunity to discuss these issues with you further.  If we can be of any assistance as you continue your work on the ARS market, do not hesitate to contact us.

Sincerely,

/s/                                              /s/

Michael Decker                          Mike Nicholas
Co-Chief Executive Officer        Co-Chief Executive Officer


cc:    Rick Firestone, Securities and Exchange Commission
        Russ Iuculano, North American Securities Administrators Association
        David Markowitz, Office of the New York State Attorney General Andrew M. Cuomo

### Appendix:  Background on Auction Rate Securities

ARS are a form of long-term, variable rate debt financing designed to emulate money-market instruments.  With an ARS, a designated auction agent, typically a bank, conducts periodic auctions, usually every seven, 28 or 35 days.  The auctions serve two purposes.  First, the auctions determine an interest rate to be paid by the ARS issuer during the period until the next auction.  Second, auctions provide a source of liquidity for investors who want to sell their securities.  Investors who want to sell ARS depend on bidding at auctions by other investors who want to buy them.

Most ARS can be segregated into three categories.  First are ARS issued by state and local governments and non-profit entities ("municipal ARS").  Second are ARS backed by pools of student loans issued by student loan originators or wholesalers ("student loan ARS"), in some cases state student loan financing authorities and in some cases for-profit student loan financing companies.  Third are auction rate preferred stock ("ARPS") issued by closed end mutual funds.  (There are other categories of ARS, but these three are the most prevalent.)  Although estimates vary, at the height of the ARS market there were approximately $330 billion of ARS outstanding, with municipal ARS the most prevalent category representing approximately 75 percent of outstanding volume.  Municipal ARS were marketed primarily to institutional investors; student loan ARS were sold to both institutional and retail investors; and ARPS were sold principally to retail investors.

No new ARS issues have been sold by issuers in 2008.  However, when they were widely used, ARS, like most debt securities, were often underwritten by syndicates of dealers comprised of a lead manager and a group of co-mangers.  In any debt issuance, the lead manager plays a dominant role in underwriting and selling the bonds to investors.  With ARS, however, the role of the lead manager is magnified due to the ongoing nature of the periodic auctions held throughout the life of an issue.  The lead manager of an ARS transaction generally controls the auction process for that issue and earns an ongoing fee for that service that covers not just the bonds sold directly by the lead manager but also bonds in the same issue sold by other securities firms.

In an auction, current investors in an ARS issue can submit any of several types of bidding instructions regarding the disposition of their positions.  With a "hold" order, an investor signals that he will continue to hold the bond regardless of the rate set at the auction.  With a "hold at rate" bid, investors signal that they will hold their securities provided that a specified minimum rate is established at the auction.  Otherwise, if the clearing rate does not meet the investor's minimum, the investor loses the auction and his position is sold.  With a "sell" order, an investor signals a desire to sell his position regardless of the clearing rate established at the auction.  With a "buy" order, an investor signals a desire to acquire or increase a position in the security provided a minimum clearing rate is established at the auction.  Prospective investors can also submit bids at auctions.  The lead manager generally collects bidding instructions from investors, either directly or through other dealers, and passes those instructions to an auction agent.  It is the auction agent's role to review all bids, award securities to winning bidders, and transmit interest rate information to the issuer and to the lead manager.

A failed auction occurs when the volume of "sell" orders at an auction exceeds the volume of "hold" or "buy" orders.  In a failed auction, some or all investors who want to sell securities are not able to, and must hold their ARS until at least the next auction.  In this case, until the next auction, the yield on the securities becomes a "penalty rate" that is pre-established at the time the securities are issued.

Virtually all ARS include third-party credit enhancement, usually in the form of bond insurance provided by a monoline bond insurer.  The credit enhancement is designed to protect investors in case the ARS issuer defaults on its payment obligations.  The credit enhancement does not, however, provide any protection against a loss of liquidity associated with a failed auction.

There is generally no requirement that lead managers or auction agents publicly disclose the results of auctions, and in general, such information is not available to market participants.  The only auction information generally available to investors and distributing firms is the clearing rate established at the auction.[7,8]

Early in the second half of 2007, global credit markets began to weaken across many sectors as a result of a downturn in the market for subprime mortgages and a general repricing of credit risk.  One of the results of the subprime downturn has been the credit deterioration of several monoline bond insurers.  This deterioration eventually led to a retreat among investors from products like ARS that depend on credit enhancement.

As demand for ARS among investors disappeared, lead managers supported the market for a while by bidding themselves at auctions.  While this practice happened from time to time before last fall, it was generally the case that ARS bought by lead managers could be sold quickly to other investors.  Last fall, however, with investor demand for some ARS issues quickly evaporating, lead managers became more and more aggressive in supporting auctions through their own purchases.  A number of lead managers accumulated large positions in ARS for which auctions would have failed if not for the lead managers' bidding.  As lead managers' ARS positions swelled, pressure grew within those firms to take steps to reduce inventories.  In the case of student loan ARS, for example, some lead managers may have influenced issuers to authorize temporary, higher maximum reset rates on their bonds in order to make them more attractive to investors without disclosing the fact to investors and distributing firms that these higher rates could lead to future reset rates that were actually zero.  Some of our members have also expressed concerns that some managers of closed end mutual funds may have known that

---

[7] A small number of lead managers have authorized Bloomberg LLC to make available to all BloombergProfessional information service subscribers the clearing yields for auctions.  Even in these limited cases, however, no other information on auctions is generally available to market participants other than the auction dealer.

[8] On March 17, 2008, the Municipal Securities Rulemaking Board ("MSRB") proposed a "Plan for Increasing Information Available for Municipal Auction Rate Securities" (the "MSRB Plan").  Under the MSRB Plan, auction dealers would be required to submit to an information repository for public disclosure data regarding auction performance and outcomes for ARS under the MSRB's jurisdiction, including municipal ARS and student loan ARS issued by non-profit or state or local agencies.  Required disclosures would include clearing rates established at auctions as well as the number of bidders, the number and aggregate dollar amount of bids, bids submitted by the auction dealer for its own account and other information.  See MSRB Notice 2008-15.  In July 2008, the MSRB announced that the MSRB Plan will likely be implemented in the first quarter of 2009.  See Andrew Ackerman, "MSRB Eyes 2009 for New System," *The Bond Buyer*, July 21, 2008.

the weakening ARPS market was being artificially propped up by lead manager bidding at auctions but did not inform investors or other market participants.

Many lead managers began to recognize internally that they were accumulating imprudently large ARS inventories and that they would have to stop bidding at auctions.  However, that information was never disclosed to the market at large, neither to investors nor to distributing dealers.  By mid February 2008, the capacity of the ARS lead managers to continue to support the market by buying securities was exhausted and ARS auctions began to fail on a widespread basis.[9]

Since February, some steps have been taken to address problems in the ARS market, but liquidity is still severely constrained in certain subsectors.  Among municipal ARS, a large number of issues have been taken out of the market as a result of refundings or conversions to other forms of variable rate financing.  In other cases, the auctions for some municipal ARS are still functioning.  For other municipal ARS where auctions continue to fail, investors generally have no way to sell their holdings.

Liquidity in the market for student loan backed ARS is virtually nonexistent.  Almost all auctions have failed consistently since February, and investors have no opportunity to sell securities.  Moreover, as a result of technical issues unique to student loan ARS, some securities are occasionally not paying interest, making them even more unattractive to investors.

The market for ARPS is highly illiquid.  However, some mutual fund companies have begun to implement strategies to restore market liquidity, and some ARPS investors may be able to sell their securities in the coming months under those strategies.

Since the downturn in the ARS market in February, the market in many respects has become more opaque than ever.  Many distributing dealers and their customers have had significant difficulty obtaining information from lead managers on the status of auctions, the performance of securities, and steps that dealers, issuers or others may be taking to try to resolve problems in the market.

---

[9] Jeremy R. Cooke, "Florida Schools, California Convert Auction-Rate Debt," Bloomberg.com, February 22, 2008.

EXHIBIT D

# NOTICE OF REDEMPTION

## TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY

## SUBORDINATE REVENUE VARIABLE RATE BONDS, SUBSERIES 2002D-1, 2002D-2 AND 2002D-3 (AUCTION RATE SECURITIES), SUBSERIES 2002G-1 AND 2002G-2 (AUCTION RATE SECURITIES) AND SUBSERIES 2004A-3 (AUCTION RATE SECURITIES)

### [Subseries, redemption dates, and CUSIP # as derived from Schedule A hereto]*

NOTICE IS HEREBY GIVEN to the holders of the Triborough Bridge and Tunnel Authority's Subordinate Revenue Variable Rate Bonds described above (the "Refunded Bonds") that such Refunded Bonds have been called for redemption prior to maturity on the respective redemption dates and at the redemption amount set forth on Schedule A hereto, plus accrued interest up to but not including such date of redemption.

As permitted by Section A-405 of the Triborough Bridge and Tunnel Authority Subordinate Revenue Resolution, as amended and supplemented, redemption of the Refunded Bonds on the redemption date set forth on Schedule A hereto is subject to and conditioned upon there being sufficient money on such redemption date to pay the redemption price of the Bonds to be redeemed on such date.

The Refunded Bonds will become due and payable on the respective redemption dates set forth on Schedule A hereto, and will be redeemed only upon presentation and surrender of such Refunded Bonds at the office of The Bank of New York Mellon as follows:

| If by Mail: | If in Person: | If by Courier: |
|---|---|---|
| The Bank of New York Mellon 111 Sanders Creek Parkway East Syracuse, New York 13057 | The Bank of New York Mellon Debt Processing Window 101 Barclay Street New York, New York 10286 | The Bank of New York Mellon Debt Processing Window 101 Barclay Street New York, New York 10286 |

Upon presentation and surrender of the Refunded Bonds the holder will receive the redemption price thereof. Holders of Refunded Bonds will receive their interest due on the respective redemption dates by check mailed directly to the registered holder in the usual manner. Interest on all Refunded Bonds will cease to accrue on the respective redemption dates.

Under the provisions of the Economic Growth and Tax Relief Act of 2001, paying agents making payments of interest or principal on municipal securities may be obligated to withhold a 30% tax from remittance to individuals who have failed to furnish the paying agent with a valid taxpayer identification number. Owners of the Refunded Bonds who wish to avoid the imposition of the tax should submit certified taxpayer identification numbers when presenting their Refunded Bonds for payment.

### TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY

By:    **THE BANK OF NEW YORK MELLON**
as Trustee

**Dated:  July 22, 2008**

---

\* No representation is made as to the accuracy of the CUSIP number either as printed on the Refunded Bonds or as set forth in this Notice of Redemption.

546833.1 032005 NTC

## SCHEDULE A

| REFUNDED BONDS | CUSIP NO.[1] | REDEMPTION DATE | REDEMPTION AMOUNT |
|---|---|---|---|
| Suberies 2002D-1 | 89602N AK0 | August 21, 2008 | Full par amount of outstanding bonds |
| Subseries 2002D-2 | 89602N AL8 | August 22, 2008 | Full par amount of outstanding bonds |
| Subseries 2002D-3 | 89602N AM6 | September 17, 2008 | Full par amount of outstanding bonds |
| Subseries 2002G-1 | 89602N CE2 | September 10, 2008 | Full par amount of outstanding bonds |
| Subseries 2002G-2 | 89602N CF9 | September 17, 2008 | Full par amount of outstanding bonds |
| Subseries 2004A-3 | 89602N GM0 | August 22, 2008 | Full par amount of outstanding bonds |

---

[1]    No representation is made as to the accuracy of the CUSIP number either as printed on the Refunded Bonds or as set forth in this Notice of Redemption.

EXHIBIT E

# LAW OFFICES OF CURTIS V. TRINKO, LLP
16 WEST 46TH STREET
7TH FLOOR
NEW YORK, NEW YORK 10036

—

**TELEPHONE**
(212) 490-9550

**TELECOPIER**
(212) 986-0158

Email : Ctrinko@trinko.com

### FACSIMILE TRANSMISSION COVER SHEET

**DATE:**          **August 20, 2008**

| TO: | FIRM: | FAX: |
|-----|-------|------|
| Jonathan K. Levine | Girard Gibbs LLP | 415-981-4846 |
| Marc Scollar | Law Offices of Mark E. Scollar | 718-720-5153 |
| Jules Brody | Stull, Stull & Brody | 212-490-2022 |
| Stephen A. Weiss | Seeger Weiss LLP | 212-584-0799 |
| Norman A. Siegel | Stueve Siegel Hanson LLP | 816-714-7101 |

**FROM:**          Curt Trinko / Wai Kinny Chan

**RE:**          **Milton Ciplet v. J.P. Morgan Chase, et al., 08-CV-4580(RMB)**
          **Mark Schaff, et al., v. J.P. Morgan Chase, et al., 08-CV-026(RMB)**

TOTAL NUMBER OF PAGES IN TRANSMISSION, INCLUDING COVER SHEET: **3**

(IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL OUR OFFICE AT (212) 490-9550).

## SPECIAL INSTRUCTIONS/COMMENTS:

This transmission and its contents are attorney work product. These materials contain legally privileged and confidential information which is intended solely for the use of the addressee. If the reader is not the intended recipient, you are hereby notified that any dissemination, distribution, copying or other use of this transmission and its contents is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone, and return the original to this office via the United States Mail.

LAW OFFICES
OF
CURTIS V. TRINKO, LLP
16 WEST 46TH STREET
7TH FLOOR
NEW YORK, NEW YORK 10036

TELEPHONE (212) 490-9550

FAX NO. (212) 986-0158
EMAIL: CTRINKO@TRINKO.COM

August 20, 2008

**By Facsimile**

Jonathan K. Levine
Girard Gibbs LLP
601 California Street
14th Floor
San Francisco, CA 94108

**Re:**    **Milton Ciplet v. J.P. Morgan Chase, et al., 08-CV-4580(RMB)**
**Mark Scharff, et al v. J.P. Morgan Chase, et al., 08-CV-5026(RMB)**

Dear Jonathan:

Pursuant to our agreement this morning with your co-counsel, we are providing you with the CUSIP numbers for the auction rate securities purchased by our clients.

Mr. Ciplet purchased Triborough Bridge and Tunnel Authority NY Revs Var Ref Rev Bds Subser 2002G-2 (CUSIP 89602NCF9). Mr. Scharff purchased Educational FDG South Tenn. Edl Ln Rev Rev Bds 2003 B-2 (CUSIP 28148NBP7); Nelnet Student Ln. Ser 2004-2A Cl A5B (CUSIP 64031RBA6); Nelnet Student Ln. Tr Ser 2004-4 CL A4R1 Fltg Rt (CUSIP 64031QCK5); Educational FDG South Inc Tenn Edl Ln Rev Rev Bds 2003 B-2 (CUSIP 28148NBP7); Nelnet Student Ln. Tr Ser 2003-1 Cl A6 (CUSIP 64031QAW1); and Student Loan Calif. Rev Bds - Student Loan Program Ser IV-A-16 (CUSIP 00433TAC7).

In return, we request that you provide us with the CUSIP numbers for the securities purchased by your clients that are the subject matter of this litigation.

Best regards,

Curtis V. Trinko

To: Jonathan K. Levine

CC:   Mark Scollar (counsel for the Scharff plaintiffs)
Jules Brody (counsel for movants Shenker and Nierenberg)
Stephen A. Weiss (counsel for the Assif Group)
Norman E.Siegel (counsel for the Assif Group)
Jonathan K. Levine (counsel for the Assif Group)

EXHIBIT F

`<HELP>` for explanation, `<MENU>` for similar functions.  ubig1    Muni **MFLD**

## ADJUSTABLE COUPON MUNI       Page 1 of 4

EDUCATIONAL FDG SOUTH INC TENN EDL LN REV                CUSIP: 28148NBP7
## AUCTION RATE-TAXABLE-SR-B-2
Coupon Adj.      Mty 6/ 1/38    Issued 8/28/03 @ 100.000              State:TN
REMKTG AGENT RBC CAPITAL/CITI TENDER AGENT JPMORGAN CHASE CUR MODE AUCTION RATE
NOTES                                        TRUST

POTENTIAL COUPON REFIX MODES (type # `<Go>` to access)
1) AUCTION RATE        2) FIXED

COUPON HISTORY

| PREV ACCRUAL | 8/26/08 | | | NEXT ACCRUAL | 9/23/08 | | |
|---|---|---|---|---|---|---|---|
| DATE | RATE | MODE | STATUS | DATE | RATE | MODE | STATUS |
| 9/23/08 | | G | | 12/18/07 | 6.501 | G | Success |
| 8/26/08 | 4.635 | G | Fail | 11/20/07 | 5.375 | G | Success |
| 7/29/08 | 5.047 | G | Fail | 10/23/07 | 5.280 | G | Success |
| 7/ 1/08 | 5.390 | G | Success | 9/25/07 | 6.000 | G | Success |
| 6/ 3/08 | 5.405 | G | Success | 8/28/07 | 5.750 | G | Success |
| 5/ 6/08 | 4.698 | G | Success | 7/31/07 | 5.278 | G | Success |
| 4/ 8/08 | 4.724 | G | Success | 7/ 3/07 | 5.260 | G | Success |
| 3/11/08 | 4.935 | G | Success | 6/ 5/07 | 5.200 | G | Success |
| 2/12/08 | 5.139 | G | Success | 5/ 8/07 | 5.250 | G | Success |
| 1/15/08 | 5.290 | G | Success | 4/10/07 | 5.270 | G | Success |

**Bloomberg**
TERMINAL

EXHIBIT G

ECF

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:08-cv-05026-RMB

Scharff et al v. JPMorgan Chase Bank & Co. et al
Assigned to: Judge Richard M. Berman
Demand: $9,999,000
Cause: 28:1331 Fed. Question

Date Filed: 06/02/2008
Jury Demand: Plaintiff
Nature of Suit: 850 Securities/Commodities
Jurisdiction: Federal Question

**Plaintiff**

**Mark Scharff**                    represented by    **Marc Evan Scollar**
Scollar & Scollar
1031 Victory Blvd.
Staten Island, NY 10301
(718) 720-4505
Fax: 718 720 5153
Email: scollaratlaw@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Curtis Victor Trinko**
Law Offices of Curtis V. Trinko, LLP
16 West 46th Street, Seventh Floor
New York, NY 10036
212-490-9550
Fax: 212-986-0158
Email: ctrinko@trinko.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Pine Sash Door & Lumber Co, Inc**        represented by    **Marc Evan Scollar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Curtis Victor Trinko**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mark Scharff & Associates LLC**        represented by    **Marc Evan Scollar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Curtis Victor Trinko**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**2170 Mill Avenue LLC**            represented by    **Marc Evan Scollar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Curtis Victor Trinko**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**6202-6217 Realty LLC**                 represented by  **Marc Evan Scollar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Curtis Victor Trinko**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mark Scharff ITF Daniel Scharf**        represented by  **Marc Evan Scollar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Curtis Victor Trinko**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mark Scharff ITF Ariel Scharf**         represented by  **Marc Evan Scollar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Curtis Victor Trinko**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**JPMorgan Chase Bank & Co.**             represented by  **Christine McAteer Ford**
Simpson Thacher & Bartlett LLP (NY)
425 Lexington Avenue
New York, NY 10017
(212)-455-2554
Fax: (212)-455-2502
Email: cford@stblaw.com
*ATTORNEY TO BE NOTICED*

**Jonathan K. Youngwood**
Simpson Thacher & Bartlett LLP (NY)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
Fax: (212) 455-2502
Email: jyoungwood@stblaw.com
*ATTORNEY TO BE NOTICED*

**Thomas C. Rice**
Simpson Thacher & Bartlett LLP (NY)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
Fax: (212) 455-2502
Email: trice@stblaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JPMorgan Securities, Inc.**      represented by    **Christine McAteer Ford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan K. Youngwood**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas C. Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chase Investment Services Corp.**      represented by    **Christine McAteer Ford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan K. Youngwood**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas C. Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Robert H. Shenker**      represented by    **James Henry Glavin**
Stull Stull & Brody
6 East 45th Street, 5th Floor
New York, NY 10017
(212) 687-7230
Fax: 212) 490-2022
Email: jhglavin@ssbny.com
*ATTORNEY TO BE NOTICED*

**Jules Brody**
Stull Stull & Brody
6 East 45th Street, 5th Floor
New York, NY 10017
(212)-687-7230
Fax: (212)-490-2022
Email: ssbny@aol.com
*ATTORNEY TO BE NOTICED*

**Movant**

**David Nierenberg**      represented by    **James Henry Glavin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jules Brody**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Thomas C. Assif**      represented by    **Jonathan K. Levine**
Girard Gibbs & De Bartolomeo, LLP
601 California St, Suite 1400
San Francisco, CA 94108
415-981-4800
Fax: 415-981-4846
Email: jkl@girardgibbs.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/02/2008 | 1 | COMPLAINT against JPMorgan Chase Bank & Co., JPMorgan Securities, Inc., Chase Investment Services Corp.. (Filing Fee $ 350.00, Receipt Number 652761)Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC.(rdz) (Entered: 06/04/2008) |
| 06/02/2008 | | SUMMONS ISSUED as to JPMorgan Chase Bank & Co., JPMorgan Securities, Inc., Chase Investment Services Corp.. (rdz) (Entered: 06/04/2008) |
| 06/02/2008 | | CASE REFERRED TO Judge Gerald E. Lynch as possibly Related to 08-cv-3177. (rdz) (Entered: 06/04/2008) |
| 06/02/2008 | | Case Designated ECF. (rdz) (Entered: 06/04/2008) |
| 06/02/2008 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC.(rdz) (Entered: 06/04/2008) |
| 06/10/2008 | 3 | FILING ERROR - DEFICIENT DOCKET ENTRY -(INCORRECT FILER SELECTED) AFFIDAVIT OF SERVICE. JPMorgan Chase Bank & Co. served on 6/4/2008, answer due 6/24/2008. Service was accepted by Carol Vogt. Document filed by JPMorgan Securities, Inc.. (Scollar, Marc) Modified on 6/18/2008 (kco). (Entered: 06/10/2008) |
| 06/10/2008 | 4 | AFFIDAVIT OF SERVICE. Service was accepted by Carol Vogt. Document filed by Mark Scharff & Associates LLC. (Scollar, Marc) (Entered: 06/10/2008) |
| 06/10/2008 | 5 | AFFIDAVIT OF SERVICE. JPMorgan Securities, Inc. served on 6/3/2008, answer due 6/23/2008. Service was accepted by Donna Christie. Document filed by Mark Scharff & Associates LLC. (Scollar, Marc) (Entered: 06/10/2008) |
| 06/10/2008 | | Magistrate Judge James C. Francis IV is so designated. (rdz) (Entered: 06/19/2008) |
| 06/10/2008 | | CASE DECLINED AS NOT RELATED. Case referred as related to 08-cv-3177 and declined by Judge Gerald E. Lynch and returned to wheel for assignment. (rdz) (Entered: 07/23/2008) |
| 06/10/2008 | 6 | NOTICE OF CASE ASSIGNMENT to Judge William H. Pauley, III. (Entered: 07/23/2008) |
| 06/19/2008 | 7 | NOTICE OF APPEARANCE by Thomas C. Rice on behalf of JPMorgan Chase Bank & Co., JPMorgan Securities, Inc., Chase Investment Services Corp. (Rice, Thomas) (Entered: 06/19/2008) |
| 06/19/2008 | 8 | NOTICE OF APPEARANCE by Jonathan K. Youngwood on behalf of JPMorgan Chase Bank & Co., JPMorgan Securities, Inc., Chase Investment Services Corp. (Youngwood, Jonathan) (Entered: 06/19/2008) |
| 06/20/2008 | 9 | NOTICE OF APPEARANCE by Christine McAteer Ford on behalf of JPMorgan Chase Bank & Co., JPMorgan Securities, Inc., Chase Investment Services Corp. (Ford, Christine) (Entered: 06/20/2008) |
| 06/25/2008 | 10 | STIPULATION AND ORDER: It is hereby stipulated and agreed that defendant's are not obligated to answer, move against, or otherwise respond to the Complaint filed in this action until after the Court's appointment of a Lead Plaintiff and an Amended Consolidated Complaint is filed. 60 days after the entry of the order appointing Lead Plaintiff, Lead Plaintiff will file a Consolidated Amended Complaint. 60 days after the Consolidated Amended Complaint is filed, defendant's will either answer or move to dismiss the Consolidated Amended Complaint. If defendant's move to dismiss the Consolidated Amended Complaint, Lead Plaintiff will file within 60 day papers opposing such motion. defendant's will then have 30 days to reply to such oppositions. Promptly following the appointment of a Lead Plaintiff, the parties will confer and propose a schedule to the Court, either to answer or move against any consolidated complaint that may be filed. (Signed by Judge Gerard E. Lynch on 6/24/2008) (jfe) (Entered: 06/25/2008) |
| 07/07/2008 | 11 | ENDORSED LETTER addressed to Judge Richard M. Berman and Judge Gerard E. Lynch from Jonathan K. Youngwood dated 7/3/08 re: Counsel for Defendants in cases 08cv4580 and 08cv5026 write with the consent and support of named plaintiffs in each of the cases to request that one of the two cases be reassigned so that the cases may be heard by the same judge. ENDORSEMENT: let's adjourn our conference to 7/29/08 @ 9:15 as Judge Lynch is away. (Signed by Judge Richard M. Berman on 7/7/08) (tro) (Entered: 07/08/2008) |
| 07/30/2008 | 22 | NOTICE OF CASE REASSIGNMENT to Judge Richard M. Berman. Judge William H. Pauley, III is no longer assigned to the case. (mbe) (mbe). (Entered: 08/06/2008) |
| 08/04/2008 | 12 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff to serve as lead plaintiff(s) *And Approving Their Selection Of Lead Counsel*. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark |

| | | |
|---|---|---|
| | | Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Certificate of Service)(Trinko, Curtis) Modified on 8/6/2008 (db). (Entered: 08/04/2008) |
| 08/04/2008 | 13 | FILING ERROR - DEFICIENT DOCKET ENTRY - MEMORANDUM OF LAW in Support re: 12 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S *And Approving Their Selection Of Lead Counsel*. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Text of Propose Order) (Trinko, Curtis) Modified on 8/6/2008 (db). (Entered: 08/04/2008) |
| 08/04/2008 | 14 | FILING ERROR - DEFICIENT DOCKET ENTRY - DECLARATION of Curtis V. Trinko in Support re: 12 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Trinko, Curtis) Modified on 8/6/2008 (db). (Entered: 08/04/2008) |
| 08/04/2008 | 15 | FILING ERROR - DEFICIENT DOCKET ENTRY - DECLARATION of Marc E. Scollar in Support re: 12 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Exhibits A-B, # 2 Exhibit C, # 3 Exhibit D)(Trinko, Curtis) Modified on 8/6/2008 (db). (Entered: 08/04/2008) |
| 08/04/2008 | 16 | MOTION to Appoint Robert H. Shenker and David Nierenberg to serve as lead plaintiff(s)., MOTION to Consolidate Cases 08-cv-4580., MOTION to Appoint Counsel. Document filed by Robert H. Shenker, David Nierenberg. (Attachments: # 1 Text of Proposed Order)(Glavin, James) (Entered: 08/04/2008) |
| 08/04/2008 | 17 | MEMORANDUM OF LAW in Support re: 16 MOTION to Appoint Robert H. Shenker and David Nierenberg to serve as lead plaintiff(s). MOTION to Consolidate Cases 08-cv-4580. MOTION to Appoint Robert H. Shenker and David Nierenberg to serve as lead plaintiff(s).. Document filed by Robert H. Shenker, David Nierenberg. (Glavin, James) (Entered: 08/04/2008) |
| 08/04/2008 | 18 | DECLARATION of James Henry Glavin IV in Support re: 16 MOTION to Appoint Robert H. Shenker and David Nierenberg to serve as lead plaintiff(s). MOTION to Consolidate Cases 08-cv-4580. MOTION to Appoint Counsel. MOTION to Appoint Robert H. Shenker and David Nierenberg to serve as lead plaintiff(s).. Document filed by Robert H. Shenker, David Nierenberg. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit) (Glavin, James) (Entered: 08/04/2008) |
| 08/04/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Note to Attorney Curtis Victor Trinko to RE-FILE Document 12 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Use the event type Memorandum of Law in Support of Motion found under the event list Replies, Opposition and Supporting Documents. Motion was not filed. (db) (Entered: 08/06/2008) |
| 08/04/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Curtis Victor Trinko to RE-FILE Document 13 Memorandum of Law in Support of Motion. ERROR(S): Supporting Document must be attached to corrected Motion. First file Motion, then Memorandum in Support. (db) (Entered: 08/06/2008) |
| 08/04/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Curtis Victor Trinko to RE-FILE Document 14 Declaration in Support of Motion. ERROR(S): Supporting Document must be attached to corrected Motion. First file Motion, then Declaration of Curtis Victor Trinko. (db) (Entered: 08/06/2008) |
| 08/04/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Curtis Victor Trinko to RE-FILE Document 15 Declaration in Support of Motion. ERROR(S): Supporting Document must be attached to corrected Motion. First file Motion, then Declaration of Marc E. Scollar. (db) (Entered: 08/06/2008) |
| 08/05/2008 | 19 | DECLARATION of Curtis V. Trinko in Support re: 12 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, |

| | | |
|---|---|---|
| | | Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Trinko, Curtis) (Entered: 08/05/2008) |
| 08/05/2008 | 20 | DECLARATION of Marc E. Scollar in Support re: 12 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Exhibits A-B, # 2 Exhibit C, # 3 Exhibit D)(Trinko, Curtis) (Entered: 08/05/2008) |
| 08/06/2008 | 21 | NOTICE OF APPEARANCE by Jules Brody on behalf of Robert H. Shenker, David Nierenberg (Brody, Jules) (Entered: 08/06/2008) |
| 08/06/2008 | 23 | MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff to serve as lead plaintiff(s). Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Certificate of Service)(Trinko, Curtis) (Entered: 08/06/2008) |
| 08/06/2008 | 24 | MEMORANDUM OF LAW in Support re: 23 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Text of Proposed Order)(Trinko, Curtis) (Entered: 08/06/2008) |
| 08/06/2008 | 25 | DECLARATION of Curtis V. Trinko in Support re: 23 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Trinko, Curtis) (Entered: 08/06/2008) |
| 08/06/2008 | 26 | DECLARATION of Marc E. Scollar in Support re: 23 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Exhibits A-B, # 2 Exhibit C, # 3 Exhibit D)(Trinko, Curtis) (Entered: 08/06/2008) |
| 08/15/2008 | 27 | NOTICE OF APPEARANCE by Jonathan K. Levine on behalf of Thomas C. Assif (Levine, Jonathan) (Entered: 08/15/2008) |
| 08/15/2008 | 28 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Thomas C. Assif.(Levine, Jonathan) (Entered: 08/15/2008) |
| 08/18/2008 | 29 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying JPMorgan Chase & Co. as Corporate Parent. Document filed by JPMorgan Chase Bank & Co., JPMorgan Securities, Inc., Chase Investment Services Corp.. (Youngwood, Jonathan) (Entered: 08/18/2008) |
| 08/21/2008 | 30 | ADMINISTRATIVE ORDER: The Clerk of Court is respectfully requested to desingate the above captioned case, which was recently transferred from Judge William H. Pauley, III to the undersigned, as related to Ciplet v. JPMorgan Chase & Co., No. 08 Civ. 4580. (Signed by Judge Richard M. Berman on 8/21/08) (tro) (Entered: 08/21/2008) |
| 08/21/2008 | | Transmission to Case Assignment Clerk. Transmitted re: 30 Order, to the Case Assignment Clerk for preparation of notice of case assignment/reassignment. (tro) (Entered: 08/21/2008) |
| 08/21/2008 | 31 | MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff to serve as lead plaintiff(s) *approving their selection of counsel, and consolidating actions.* Document filed by Mark Scharff ITF Daniel Scharff, Mark Scharff ITF Ariel Scharff, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Certificate of Service)(Trinko, Curtis) (Entered: 08/21/2008) |
| 08/21/2008 | 32 | MEMORANDUM OF LAW in Support re: 31 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark |

| | | |
|---|---|---|
| | | Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Text of Proposed Order)(Trinko, Curtis) (Entered: 08/21/2008) |
| 08/21/2008 | 33 | DECLARATION of Curtis V. Trinko in Support re: 31 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Trinko, Curtis) (Entered: 08/21/2008) |
| 08/21/2008 | 34 | DECLARATION of Marc E. Scollar in Support re: 31 MOTION to Appoint Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel S. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Exhibits A-B, # 2 Exhibit C, # 3 Exhibit D)(Trinko, Curtis) (Entered: 08/21/2008) |
| 08/21/2008 | 35 | MOTION to Appoint Thomas C. Assif, Kismet TMF Holdings, LLC, and SKS Capital Partners, LLC to serve as lead plaintiff(s) *MOTION to Appoint Counsel*. Document filed by Thomas C. Assif. (Attachments: # 1 Text of Proposed Order)(Levine, Jonathan) (Entered: 08/21/2008) |
| 08/21/2008 | 36 | MEMORANDUM OF LAW in Support re: 35 MOTION to Appoint Thomas C. Assif, Kismet TMF Holdings, LLC, and SKS Capital Partners, LLC to serve as lead plaintiff(s) *MOTION to Appoint Counsel*. MOTION to Appoint Thomas C. Assif, Kismet TMF Holdings, LLC, and SKS Capital Partners, LLC to serve as lead plaintiff(s) *MOTION to Appoint Counsel*.. Document filed by Thomas C. Assif. (Levine, Jonathan) (Entered: 08/21/2008) |
| 08/21/2008 | 37 | DECLARATION of Jonathan K. Levine in Support re: 35 MOTION to Appoint Thomas C. Assif, Kismet TMF Holdings, LLC, and SKS Capital Partners, LLC to serve as lead plaintiff(s) *MOTION to Appoint Counsel*. MOTION to Appoint Thomas C. Assif, Kismet TMF Holdings, LLC, and SKS Capital Partners, LLC to serve as lead plaintiff(s) *MOTION to Appoint Counsel*.. Document filed by Thomas C. Assif. (Levine, Jonathan) (Entered: 08/21/2008) |
| 08/28/2008 | 38 | MEMORANDUM OF LAW in Opposition re: 35 MOTION to Appoint Thomas C. Assif, Kismet TMF Holdings, LLC, and SKS Capital Partners, LLC to serve as lead plaintiff(s) *MOTION to Appoint Counsel*. MOTION to Appoint Thomas C. Assif, Kismet TMF Holdings, LLC, and SKS Capital Partners, LLC to serve as lead plaintiff(s) *MOTION to Appoint Counsel*. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Certificate of Service)(Trinko, Curtis) (Entered: 08/28/2008) |
| 08/28/2008 | 39 | DECLARATION of Curtis V. Trinko in Opposition re: 35 MOTION to Appoint Thomas C. Assif, Kismet TMF Holdings, LLC, and SKS Capital Partners, LLC to serve as lead plaintiff(s) *MOTION to Appoint Counsel*. MOTION to Appoint Thomas C. Assif, Kismet TMF Holdings, LLC, and SKS Capital Partners, LLC to serve as lead plaintiff(s) *MOTION to Appoint Counsel*.. Document filed by Mark Scharff ITF Daniel Scharf, Mark Scharff ITF Ariel Scharf, Mark Scharff, Pine Sash Door & Lumber Co, Inc, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC. (Attachments: # 1 Exhibit A)(Trinko, Curtis) (Entered: 08/28/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/28/2008 18:42:06 | | |
| **PACER Login:** | gg0108 | **Client Code:** | 323 |
| **Description:** | Docket Report | **Search Criteria:** | 1:08-cv-05026-RMB |
| **Billable Pages:** | 7 | **Cost:** | 0.56 |

## EXHIBIT H

### ACTIVE AND CLOSED CASES IN THE SOUTHERN DISTRICT OF NEW YORK WHERE MARC E. SCOLLAR IS LISTED AS COUNSEL

| Case No. | Case Name | Date Filed |
|---|---|---|
| 1:08-cv-05026 | Scharff et al. v. JP Morgan Chase Bank & Co., et al. | 06/02/2008 |