UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

Milton Ciplet, individually and on behalf
of all Others similarly situated

> Plaintiff,

- against -

JP Morgan Chase & Co. and J.P. Morgan
Securities, Inc.,

> Defendants.

Civil Action No. 08-CV-4580 (RMB)

---

MARK SCHARFF, PINE SASH DOOR &
LUMBER CO., INC., MARK SCHARFF &
ASSOCIATES LLC, 2170 MILL AVENUE
LLC, 6202-6217 REALTY LLC, MARK
SCHARFF ITF MICHAEL SCHARFF,
MARK SCHARFF ITF DANIEL SCHARFF
and MARK SCHARFF ITF ARIEL SCHARFF,

> Plaintiffs,

- against -

JPMORGAN CHASE BANK & CO., J.P.
MORGAN SECURITIES, INC., and
CHASE INVESTMENT SERVICES CORP.

> Defendants.

Civil Action No. 08-CV-5026 (RMB)

---

**DECLARATION OF MARC E. SCOLLAR, ESQ. IN OPPOSITION TO
COMPETING MOTIONS AND IN FURTHER SUPPORT OF THE MOTION OF
MILTON CIPLET, MARK SCHARFF, PINE SASH DOOR & LUMBER CO., INC.,
MARK SCHARFF & ASSOCIATES LLC, 2170 MILL AVENUE LLC, 6202-6217
REALTY LLC, MARK SCHARFF ITF MICHAEL SCHARFF, MARK SCHARFF ITF
DANIEL SCHARFF and MARK SCHARFF ITF ARIEL SCHARFF FOR
CONSOLIDATION OF ACTIONS, APPOINTMENT OF C0-LEAD PLAINTIFF, AND
<u>APPROVAL OF SELECTION OF CO-LEAD COUNSEL</u>**

MARC E. SCOLLAR, ESQ., an attorney duly admitted to practice before this Court declares pursuant to 28 U.S.C. § 1746, that the following is true and correct.

1. I am the principal attorney for the various Scharff Plaintiffs and submit this Declaration in reply to the opposition to the Lead Plaintiff/Lead Counsel motions filed by the Assif Group and plaintiffs Shenker and Nierenberg.  I have known Mark Scharff for well over twenty (20) years.  I have represented him and the companies which he is affiliated with, on at least twenty (20) or thirty (30) commercial cases regarding various issues customary and particular in their commercial field. Mark Scharff requested my firm to be co-lead counsel and he has indicated his desire to be co-lead plaintiff.  He is a resident of the State of New York.  His businesses are all located in New York and he has the ability to participate fully with all that is required of him.

2. Movants, Robert H. Shenker and David Nierenberg, suggest in their Memorandum of Law that the failure to file a sworn certification with the Complaint is fatal to this firm's and clients' application for co-lead counsel and co-lead plaintiff respectively.  Those movants offer no support for that proposition, either under the statute or caselaw, and none of the cases they did cite are point specific.  Furthermore, the certification was duly filed timely by the Office of Curtis Trinko, Esq. before the deadline to file this instant motion.  I understanding from Mr. Trinko's office that there was a filing error with the E.C.F. system.  In any event, the motions and certifications were re-filed pursuant to court order on August 21, 2008.  If there is any further question, I am sure the Court is aware that, pursuant to Rule 15 of U.S.C.S., Federal Rules of Civil Procedure, amending a pleading is permitted as a matter of course prior to the responsive pleading.  So far, there is no responsive pleading in this case.

3. As to issues regarding consolidation, I understand that this court has already accepted the Scharff case, docket number 08-CV-5026, as being related.

4. In essence, the Assif Group, in their competing motion and response, set forth two (2) points specific to the appointment of Mark Scharff as co-lead plaintiff and the approval of Marc E. Scollar, Esq. as co-lead counsel. The first point claims that, according to Bloomberg news databases, "auctions related to the Tennessee Bonds *did not begin to fail until July 29, 2008.*" *See* Response Assif Group at p. 9. This court should not be impressed by the quality of these arguments, which are relying on the hearsay representation of a news database. Jonathan Levine, Esq. of Girard Gibbs LLP has set forth the proposition that his firm is the most experienced and best suited to litigate this security fraud case. Yet, the primary argument offered against the Scharff Plaintiffs is based upon nothing more than an uncorroborated news report which is clearly second-hand evidence, not accurate in this particular case (Scharff Declaration) and, most importantly, an irresponsible argument to make. The haphazard and contrary arguments presented by the other Movants' counsel will only make the prosecution of this case more difficult for all plaintiffs.

5. The second point concerns a review of my experience as trial counsel. I am an attorney in good standing with this Court and with the New York State Bar. I have never been sanctioned or had any negative grievances filed against me by either a client, adversary or another attorney.

6. I have been admitted to practice law in the State of New York and in this Court since 1990 and, as such, I have almost twenty (20) years of litigation and legal experience. I am a third generation lawyer. My grandfather, Joseph Scollar, practiced law until his demise in Richmond County, State of New York. My father, Samuel L. Scollar, was admitted to practice in 1958 and has had an extensive legal career encompassing fifty (50) years. Upon graduation from law school and

admission to the Bar, I was employed by my father from 1990 to 1996.  Thereafter, my father and I operated as partners in a firm known as Scollar & Scollar.  Our former partnership lasted for several years and I then established my own law firm as a solo practitioner.  I have an excellent relationship with my father and we assist each other on our various cases.

7.    Specifically, my legal experience is derived from the hundreds of cases I have litigated. Most of my cases involve complex legal issues.  All of my cases concern real clients, real issues and real disputes.  I am not relying upon a firm resume of various offices which include seventeen-plus attorneys.  For the most part, in every single case that I have litigated, I have done all of the legal work, which included extensive legal research, preparation of pleadings, discovery procedures, negotiations, motion practice, trial preparation, trial and, in some cases, appeals.

8.    My experience will supplement the gold star resume of the Law Offices of Curtis V. Trinko ("Trinko").  His resume is specific to this litigation and it compares favorably to that of the counsel opposing our motion for the appointment of lead plaintiff and approval of lead counsel. Although my resume does not offer specific securities-related litigation experience, I will offer some highlights that will bolster the resume of Curtis V. Trinko.  As a consolidated case, our firms are working together in presenting a united front against the defendants.  Bearing in mind page limits, I will detail some of the more complex legal matters which I have handled.  It is noteworthy that none of the other firms before this Court have so far been honest with this Court and presented any negative results concerning their firms.  I will present a balanced approach.  I will not disparage the other firms competing for lead plaintiff because I have no personal knowledge of their practice.  I will assume that none of these firms have any personal knowledge of my practice so it would be disingenuous of them to contest my abilities to litigate, which is the essence of a trial lawyer-

3

whether it be a securities case or a matrimonial action.

### *Highlights - Federal Court Actions*

- Riley et al vs. Riley et al, U.S.D.C., Eastern District of New York, docket no. CV-89-1226: A civil action brought by my office under the Federal RICO Statutes to redress claims of civil right violations by the City of New York and other defendants. The matter was settled against the City of New York. As to the other defendants, plaintiff's claims were redressed in the Surrogate's Court, Richmond County. The remedies included both monetary and equitable relief.

- L. Maino Realty Corp. vs. Arilan Construction, Inc. et al, U.S.D.C, Eastern District of New York, docket no. CV-89-2217: This office represented the defendants and, after protracted discovery proceedings, the matter was discontinued by plaintiffs to the obvious satisfaction of defendants.

- Sulejman Dodic vs. Parkrest Construction Co. et al, U.S.D.C., Southern District of New York, docket no. 03 Civ. 3640 (RJH)(HBP):   This office brought a claim on behalf of the plaintiff to restore a pension and that pension was eventually restored to the satisfaction of plaintiff. This office commenced this case of counsel to Norman Delman, Esq.

- Meta Hoblin Stryker vs. Craig Warren White et al, U.S.D.C., Eastern District of New York, docket no. CV-07-138: This office brought a claim against an estate based upon the probate exception. The plaintiff in this case received a favorable result on the State Court level and, thereafter, the Federal Court action was discontinued.

4

### *Appeals*

- Brook-Hattan Utilities, Inc. vs. 893 Construction Corp., 180 A.D.2d 660; 579 N.Y.S.2d 705: This office represented the plaintiff at trial. This matter was tried successfully and plaintiff obtained a judgment. Defendants appealed and the Appellate Division, Second Department, affirmed the verdict. OVERVIEW: Where the plumber carried over the amount not paid on the first agreement to the mechanic's lien he filed on the second agreement, the contractor could reasonably have expected that evidence of the charges would be adduced at the trial.

- Targee St. Internal Medicine Group vs. Totten Village Assocs., 213 A.D.2d 397; 624 N.Y.S.2d 870: Scollar & Scollar represented plaintiff and prevailed on the trial level on summary judgment. The summary judgment decision was appealed and the lower court's decision was affirmed. OVERVIEW: Plaintiff commenced a breach of contract action seeking the return of a down-payment for failure to deliver sewer connections.

- Bruce Supply Corp. vs. D & M Plumbing & Heating Corp., 291 A.D.2d 525; 737 N.Y.S.2d 642: This office represented plaintiff and successfully obtained a judgment on the trial level. The decision, by the trial court, was appealed and affirmed.

- Busch vs. Mastropierro, 258 A.D.2d 492; 684 N.Y.S.2d 632: Where plaintiffs took property "as is" and were fully aware of its condition, claims of fraudulent inducement failed because the parties' contract was specific enough that plaintiffs could not rely upon oral representations to the contrary.

- SHS Baisley, LLC vs. RES Land, Inc., 18 A.D. 3d 727; 795 N.Y.S.2d 690: This office prevailed at the lower court level and the Yellowstone Injunction decision was appealed. Unfortunately, the Appellate Division reversed. The litigation is continuing.

5

- <u>In the Matter of Edward Vomero vs .The City of New York et al</u>, Supreme Court of the State of New York, County of Richmond, Appellate Division (Second Department): The appeal has been perfected and a decision is pending. The office of Samuel L. Scollar brought a proceeding pursuant to Article 78 of CPLR to contest a zoning use variance given by Board of Standards and Appeals of the City of New York to GAC Catering Inc. I assisted my father in the research and preparation of all documents including Appellate briefs. The lower court ruled in petitioner's favor and the zoning use variance was annulled. The case received front page billing in the local newspapers. See <u>In the Matter of Edward Vomero vs. The City of New York, et al</u>, 13 Misc. 3d 1214A; 824 N.Y.S. 2d 759.

### *<u>Jury Trials</u>*

- <u>Murray Berman vs. Berel Light et al</u>, Supreme Court of the State of New York, Richmond County, Index No. 24/90: Scollar & Scollar represented the plaintiff. This matter concerned recovery of funds in a commercial transaction which went sour. The matter was tried before a jury. The jury rendered a verdict in favor of plaintiff and plaintiff received full recovery of funds invested and loaned..

- <u>Edward Vomero vs. Roller Magic et al</u>, Docket No. L-8629-91, Superior Court, Middlesex County, New Jersey: The file has been archived. The case was tried before a jury. Plaintiff sought damages against defendants as a result of injuries received while skating in a roller rink. The case was settled to the satisfaction of plaintiff prior to verdict.

- <u>Robert Chille vs. Allstate Insurance Company et al</u>, Supreme Court of the State of New York, County of Kings, Index No. 45487/02: This office represented the plaintiff. Plaintiff

6

sought damages against defendants for the wrongful and fraudulent endorsement of a settlement check. Plaintiff survived various summary judgment motions by the various defendants. A jury was selected and, prior to trial, the case was settled.

### *Bench Trials*

- <u>Hannan vs. Eppi's et al</u>, Civil Court of the City of New York, County of Richmond, Index No. 5701/90: This office represented the plaintiffs. After trial, defendants moved for a directed verdict. This motion was denied. The case was settled to 100% satisfaction of plaintiffs.

- <u>Sapra vs. Sapra</u>, Supreme Court of the State of New York, County of Queens, Index No. 14642/91: This case was commenced on behalf of plaintiff Neena Sapra for a contested divorce. The issue of equitable distribution was tried. Plaintiff received a judgment in her favor.

- <u>Rosa vs. Rosa</u>, Family Court of the State of New York, Richmond County: This case involves confidential personal matters and, unless I have my client's permission, I will not disclose the file. The issues of custody, child support and an order of protection were tried and a decision was issued by the Family Court which were satisfactory to my client.

- <u>Vimplex Corporation vs. Azzam P. Obeid et al</u>, Supreme Court of the State of New York, County of Kings, Index No. 1628/03: This office represented the plaintiff. After trial, defendants settled for the amount requested.

- <u>Murray Berman vs. The City of New York</u>, Supreme Court of the State of New York, County of Richmond, Index No. 3421/90: This office represented Murray Berman. This case

concerned complex issues of waterways , right-of-ways and damages after a rainstorm flooded various properties  After a bench trial, plaintiff settled.

- <u>Smith vs. Smith</u>, Supreme Court of the State of New York, County of Richmond, Index No. 5488/00: This office represented defendant.  Contested matrimonial.

- <u>Commissioners of the State Insurance Fund vs. Springridge Developers at Richmond, Inc.</u>, Supreme Court of the State of New York, County of Westchester, Index No. 8939/06: This office represented the defendant.  Plaintiff sought to recover Workmen's Compensation premiums.  After protracted litigation and a trial, the Supreme Court determined that the plaintiff did not make a prima facie case and the case was dismissed.

### ***Summary Judgment Motions***

- <u>Gershkowitz vs. Levy</u>, Supreme Court of the State of New York, County of Suffolk, Index No. 24141/96: This office represented the plaintiffs.  Plaintiffs were granted summary judgment on a negligence case.

- <u>Rasul vs. O'Brien</u>, Civil Court of the City of New York, County of Richmond, 19 Misc. 3d 1140A: This office represented plaintiff who commenced an action for the return of a down-payment alleging that the property he contracted for was unmarketable.  The court agreed.

- These are just two of the literary hundreds of motions which were decided,- some in my clients' favor, some not and some, objectively could be called, neutral.  Some of the above cases also indicate successful results on the summary judgment category.

9.  The above-mentioned cases are just a few of the hundreds of cases in which this office

has appeared.  I did not include any of the various automobile accident cases or the hundreds of landlord/tenant cases that went to trial.  Some of the landlord/tenant cases had complex issues regarding illegal occupancies, illegal evictions, violations of the loft law, etc.  I have commenced negligence actions in at least twenty to thirty cases – all of which settled at some point during the course of the litigation. There are numerous other contested matrimonial cases which I litigated where the parties fiercely argued complex legal issues in that field.   I did not include any of the complex commercial lease signings and real estate transactions in which this office has been retained.

10.  As previously stated, I feel my office will complement the Trinko firm.  I am confident that, between Mr. Trinko, his firm, and myself, we can resolve any specific security-related issues. Moreover, between our two firms, there are three to five attorneys who will participate and vigorously assist with the prosecution of this case until final resolution.

11.  Unfortunately, many of the cases which I recited are not publicly reported.  If this court or any party (within reason) would like to view a copy of any of these decisions, if they are available and not privileged, I will certainly transmit a copy of same.

12. I did not include any of my pending litigation in order to protect the parties' confidences.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on the 4th day of September 2008.

Marc E. Scollar