## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Milton Ciplet, Individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　- against -<br><br>JP Morgan Chase & Co. and J.P. Morgan Securities, Inc.,<br><br>　　　　　　　Defendants. | Case No. 08-cv-4580 (RMB) |
| Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff,<br><br>　　　　　　　Plaintiffs<br><br>　　- against -<br><br>JPMorgan Chase Bank & Co., J.P. Morgan Securities, Inc., and Chase Investment Services Corp.,<br><br>　　　　　　　Defendants. | Case No. 08-cv-5026 (RMB) |

**REPLY IN SUPPORT OF THE MOTION OF THE ASSIF GROUP FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

## **INTRODUCTION**

The three investor groups vying for appointment as Lead Plaintiff have submitted their response briefs. Several critical facts emerge from these filings:

- **The Assif Group:** The Assif Group has the largest financial interest in the litigation — $2,375,000 — and satisfies the typicality and adequacy requirements for appointment as Lead Plaintiff under the Private Securities Litigation Reform Act ("PSLRA").

- **The Ciplet Group:** After a $1,000,000 full redemption by the issuer that is scheduled for September 17, 2008 — less than two weeks after this filing — the Ciplet Group's financial stake will be $1,400,000. Moreover, the Ciplet Group's members are unable to satisfy the typicality and adequacy requirements because: (1) Mark Scharff failed to timely file a certification when he filed his class action complaint in contravention of the PSLRA; (2) $600,000 worth of Mr. Scharff's auction rate securities holdings did not become illiquid until five months after the collapse of the auction rate securities market (and two months after he filed a complaint), thereby making his claims atypical of the claims of other class members; and (3) the Ciplet Group's proposed counsel is not adequately equipped or experienced to handle the burdensome and complicated task of prosecuting this action against the JPMorgan defendants.

- **The Shenker Group:** With a financial interest of $1,150,000, the Shenker Group has substantially less at stake than the Assif Group, and therefore cannot satisfy the requirements of the PSLRA.

In light of these facts, the Assif Group is the only proposed Lead Plaintiff that satisfies the statutory requirements of the PSLRA.

# ARGUMENT

I.  **THE ASSIF GROUP IS THE MOST ADEQUATE LEAD PLAINTIFF UNDER THE PSLRA.**

    A.  **The Assif Group Has the Largest Financial Interest.**

Among the prospective Lead Plaintiffs, the Assif Group has the largest financial interest in the relief sought by the Class. As described in its initial moving papers, the Assif Group's financial interest is $2,375,000, which represents the par value of illiquid auction rate securities its members purchased from JPMorgan during the Class Period and held when the auction market collapsed, that remain illiquid, and that are not subject to any previously announced issuer redemptions. Neither of the other competing groups has seriously challenged the Assif Group's financial interest[1] or proposed another methodology for calculating financial interest in this case. Moreover, there is no dispute that the Assif Group's financial interest exceeds that of the Shenker Group's $1,150,000.

The Court should not credit the Ciplet Group with the $2,400,000 financial interest that it claims. First, $1,000,000 of the Ciplet Group's interest is subject to an issuer-sponsored full redemption that will occur on September 17, 2008. Thus, within two weeks of this filing, the Ciplet Group will hold only $1,400,000 in auction rate securities, nearly $1,000,000 less than the Assif Group. The Ciplet Group has never addressed this redemption, even though it will

---

[1] The Shenker Group contends that the Assif Group does not have a financial interest in the litigation because its "transactions with non-party Bank of America have nothing to do with the relief sought by the putative Class." *See* Shenker Group Memo. [Doc. # 52] at p. 7. There is no merit to this argument, as it is based on a typographical error in the attachments to the certifications filed by the Assif Group. After becoming aware of this typographical error identifying Bank of America as the seller of the securities in question, the Assif Group submitted an Errata clarifying that the Assif Group's securities were indeed purchased through JPMorgan, as represented in the original sworn certifications filed by the Assif Group. *See* Assif Group Errata [Doc. # 54] in Case No. 08-cv-4580 (RMB) (*Ciplet*); [Doc. # 43] in Case No. 08-cv-5026 (RMB) (*Scharff*).

dramatically reduce that Group's financial interest.[2]  Second, as the Shenker Group explained in its response brief, Mr. Scharff (who claims an interest of $1,400,000) has no financial interest for purposes of a Lead Plaintiff motion at all, because he failed to file a certification when he first filed his class action complaint in contravention of the requirements of the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(2)(A); *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 347 (S.D.N.Y. 2003); *Greebel v. FTP Software*, 939 F. Supp. 57, 61 (D. Mass. 1996).

For all of these reasons, the Court should find that the Assif Group has the largest financial interest in the relief sought by the Class under the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

    **C.**    **The Assif Group Satisfies the Typicality and Adequacy Requirements of the PSLRA.**

        *1.*    *Typicality*

The Shenker Group and the Ciplet Group both concede that the Assif Group satisfies the typicality requirement of the PSLRA.  Accordingly, for the reasons set forth in its initial Motion and Response, the Assif Group's claims are typical of the putative Class.

As the Assif Group demonstrated in its Response, the Ciplet Group's claims are not typical because (1) Milton Ciplet's entire auction rate securities holdings are subject to an issuer-sponsored full redemption scheduled for September 17, 2008, and (2) Mark Scharff's auction rate securities issued by the South Tennessee Education Loan Authority (approximately $600,000 in value) did not become illiquid until late July 2008 — approximately five months after the auction rate securities market collapsed, and two months after Mr. Scharff filed his own complaint.  Because of these distinguishing characteristics, the Ciplet Group's claims are

---

[2] The Court has the discretion to reserve its decision on this motion until after September 17, 2008, and then request that the Ciplet Group provide it with a further submission stating whether Mr. Ciplet's auction rate securities were redeemed in accordance with the issuer's plan.

4

"subject to unique defenses that render [them] incapable of adequately representing the class," and they are not typical of the rest of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

   2.   *Adequacy*

Neither the Ciplet Group nor the Shenker Group challenge the adequacy of the Assif Group to serve as Lead Plaintiff. However, both groups contend that the Assif Group's choice of counsel is inadequate. These arguments are without merit.

   **a.   The Assif Group's counsel is the most qualified and has the most resources to manage the auction rate securities litigation against JPMorgan.**

While conceding that the Assif Group's counsel "are all highly reputable firms with experience in litigating securities class actions," the Ciplet Group speculates that the Assif Group's counsel is "overcommitted to various [auction rate securities] class actions and probably will not be able to effectively prosecute this particular litigation" because counsel for the Assif Group has been appointed lead counsel in several other pending class actions involving sales of auction rate securities. *See* Ciplet Group Memo. [Doc. # 48] at p. 7. But the Assif Group's counsel's leadership role reinforces — rather than diminishes — the argument that those counsel are best suited to prosecute this case against JPMorgan.

Because of their position in the other auction rate securities cases, the Assif Group's counsel is more familiar than any other attorneys with the common facts underlying the auction rate securities cases, the substantive law that will apply to these cases, and the inevitable common defenses that the broker-dealers assert. The leadership role that the Assif Group's counsel has already taken in the auction rate securities cases enhances their ability to manage this litigation effectively and efficiently. Combining their unique knowledge with the resources that the Assif Group's counsel is prepared to commit to the litigation demonstrates that counsel for

5

the Assif Group is not just adequate, but it is superior to counsel for the other two groups vying for Lead Plaintiff in this case.[3]

### b. The dismissal without prejudice of the *Silverman* action does not render the Assif Group's counsel inadequate

The Shenker Group contends that the Assif Group's counsel is somehow inadequate because it filed and subsequently dismissed without prejudice another auction rate securities class action against JPMorgan, styled *Silverman v. JPMorgan Chase & Co., et al.*, Case No. 08-cv-3177 (GEL). According to the Shenker Group, the Assif Group's counsel violated its fiduciary duty to members of the putative class by not providing notice of the voluntary dismissal of the *Silverman* action to all members of that class. *See* Shenker Group Memo. [Doc. #52] at pp. 7-8. This argument lacks merit. The Shenker Group fails to cite any legal authority requiring notice of the voluntary dismissal without prejudice of a purported class action before the class has been certified, let alone before any litigation has taken place.

Counsel for the Assif Group filed *Silverman* on March 31, 2008. *See* Reply Declaration of Jonathan K. Levine in Further Support of the Motion of the Assif Group for Consolidation, Appointment of Lead Plaintiff, and Appointment of Counsel ("Levine Reply Decl."). Shortly after filing the case, plaintiff Silverman's auction rate securities were redeemed in full by the issuer. Levine Reply Decl. at ¶3. Because of these redemptions, Mr. Silverman chose not to pursue any additional claims and filed a notice of voluntary dismissal without prejudice, pursuant to Fed. R. Civ. P. 41, within a few days after the action was commenced. *Id.* at ¶¶ 3-4. The Court dismissed *Silverman* without prejudice on April 18, 2008. *Id.* at ¶ 5.

---

[3] The Assif Group outlined its concerns about proposed counsel for the Ciplet Group in its Response, including the fact that one of the Ciplet Group's proposed lead counsel has never litigated a securities case or complex class action. *See* Assif Group Response [Doc. #50] at pp. 11-12. Nothing in the Ciplet Group's response addresses these significant adequacy issues. *See* Ciplet Group Memo. [Doc. #48].

While the Shenker Group contends that counsel were obliged to provide the putative class with notice of the voluntary dismissal of the *Silverman* action, it fails to cite any legal authority for this proposition. Notice need not be disseminated under these circumstances. Rule 23(e) only requires a federal court to direct notice of a voluntary dismissal "to all class members who would be bound," when such dismissal affects the "claims, issues, or defenses of a *certified class*." Fed. R. Civ. P. 23(e)(1) (emphasis added). No class was certified, and the *Silverman* court did not order counsel to issue notice at the time it approved the voluntary dismissal. Absent a legal requirement or directive from the court, counsel had no duty to issue notice.

The Shenker Group cites one case in support of its novel argument: *Schick v. Berg*, Case No. 03-5513, 2004 WL 856298 (S.D.N.Y. April 20, 2004). In *Schick*, an unnamed member of a putative class sued class counsel for breach of fiduciary duty, even though the putative class was never certified. The court found that class counsel's conduct did not impact or prejudice the unnamed class member's substantive rights vis-à-vis the class defendant, and granted class counsel's motion for summary judgment.[4] The court in *Schick* did not require that class counsel send notice to members of the uncertified class, and the Shenker Group has not cited any authority holding that pre-certification class counsel violate their duties to the class by failing to provide notice to putative class members about occurrences in the litigation.

The Shenker Group's argument is particularly weak given that the dismissal of the *Silverman* action without prejudice did not impact or prejudice the substantive rights of the Shenker Group or other class members, and the Shenker Group admits that it has no evidence to

---

[4] On appeal, the Second Circuit affirmed, finding that, under the applicable state law, "counsel for a class *does not*, prior to certification of the class, owe a fiduciary duty to unnamed class members simply by virtue of their membership in the class." *See Schick v. Berg*, 430 F.3d 112, 117 (2d Cir. 2005) (emphasis added).

7

the contrary. The *Silverman* dismissal was explicitly "without prejudice," meaning that unnamed class members retained all of their rights against JPMorgan. Thus, the conduct of the Assif Group's counsel did not prejudice the substantive rights of unnamed class members.[5]

While the Shenker Group speculates that the dismissal may have caused the statute of limitations to lapse for some members of the putative Class, it does not submit any evidence on that point or any evidence that the Shenker Group or other unnamed members of the putative class were relying on *Silverman* to serve as a placeholder for their claims. If other investors wanted to assert their claims against JPMorgan, they had every right to file their own case under the PSLRA, as did Mr. Ciplet.

The Shenker Group has failed to offer any cogent theory for its assertion that the Assif Group's counsel violated its fiduciary duty to the uncertified class in the *Silverman* case. Rather, the Shenker Group has relied upon a speculative theory, that is unsupported by the facts and the law, and that cannot serve as a basis for finding the Assif Group's counsel to be inadequate.

## II.   THE COURT SHOULD APPROVE THE ASSIF GROUP'S CHOICE OF COUNSEL.

For the reasons discussed above and set forth in the Assif Group's prior submissions, the Court should approve the Assif Group's selection of Girard Gibbs LLP as Lead Counsel, Stueve Siegel Hanson LLP as Co-Lead Counsel, and Seeger Weiss LLP as Liaison Counsel.

---

[5] Because the *Silverman* dismissal had no impact on the rights of unnamed class members, the Shenker Group's contention "that there would be recoverable damages available to putative Class members who have their shares redeemed" is equally unavailing. Those individuals are free to pursue their damages against JPMorgan, as the *Silverman* dismissal does not bar or preclude claims by individuals whose shares were redeemed. *See* Shenker Group Memo. [Doc. # 52] at p. 8.

8

## **CONCLUSION**

For the foregoing reasons and those stated in its moving papers, the Assif Group respectfully requests that this Court: (1) consolidate the actions identified herein for all purposes; (2) appoint the Assif Group Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i); and (3) approve their selection of counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

DATED: September 5, 2008                    Respectfully submitted,

**GIRARD GIBBS LLP**

By:   *Jonathan K. Levine*
        Jonathan K. Levine (JL-8390)

Daniel C. Girard
Aaron M. Sheanin
Christina H. C. Sharp
601 California Street, 14th Floor
San Francisco, CA  94108
Telephone:  (415) 981-4500
Facsimile:  (415) 981-4846

**Proposed Lead Counsel**

Norman E. Siegel
Matthew L. Dameron
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

**Proposed Co-Lead Counsel**

Christopher A. Seeger (CS-4880)
Stephen A. Weiss (SW-3520)
David R. Buchanan (DB-6368)
**SEEGER WEISS LLP**
One William Street, 10th Floor
New York, NY  10004
Telephone:  (212) 584-0700
Facsimile:  (212) 584-0799

**Proposed Liaison Counsel**

Case 1:08-cv-05026-RMB    Document 49    Filed 09/05/2008    Page 10 of 11

# CERTIFICATE OF SERVICE

I, Jonathan K. Levine, hereby certify that on September 5, 2008, I caused the following document(s) to be filed electronically with the United States District Court for the Southern District of New York through the Court's mandated ECF service:

1.  **REPLY IN SUPPORT OF THE MOTION OF THE ASSIF GROUP FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document(s) upon confirmation of e-filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of September, 2008 at San Francisco, California.


                                                       */S/ Jonathan K. Levine*